UNITED STATES, Appellee,

v.

**Staff Sergeant Kelly L. BALES, 430–35–0050, United States Army, Appellant.**

**ACMR 9102563.**

U.S. Army Court of Military Review.

5 June 1992.

5th Infantry Division (Mechanized) and Fort Polk. J.D. Mogridge, Military Judge.

For Appellant: Captain Michael P. Moran, JAGC, Captain David L. Thomas, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before De GIULIO, HAESSIG, and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of absence without leave and wrongful use of cocaine, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a (1982 and Supp. V 1987). The convening authority approved appellant's adjudged sentence of a bad-conduct discharge, confinement for nine months, forfeiture of $500.00 pay per month for nine months, and reduction to the grade of Private E1.

Appellant asserts as error the failure of the convening authority to order thirty-two days of administrative credit against appellant's adjudged sentence as ordered by the military judge. Government counsel agree that appellant is entitled to that credit, but correctly note that there is no requirement that the convening authority order sentence credit for *legal* pretrial confinement in his action. *See* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1107(f)(4)(F) (only credit for illegal pretrial confinement need be noted in the convening authority's action).

Army regulations require that the amount of confinement credit be recorded on the "Report of Result of Trial."[1] The Report of the Result of Trial in appellant's case credits him with thirty-two days of presentence confinement. Accordingly, no corrective action is necessary.

We have considered the matter asserted personally by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Judge HAESSIG and Judge ARKOW concur.

---

1. Army Reg. 27–10, Legal Services: Military Justice, para. 5–26a (22 Dec. 1989); Dep't of Army, Form 4430–R, Report of Result of Trial (May 1987). This form is rarely included in the allied papers accompanying the record of trial in a court-martial. It was included in the allied papers of this case. Inclusion of the form in the allied papers eliminates the need for litigation of this issue before this Court. We believe, however, that appellate defense counsel are obligated to investigate and determine if an appellant has been deprived of appropriate sentence credit before raising the issue before this Court.