UNITED STATES, Appellee,

v.

**Montague R. STANFORD, Private First Class, U.S. Army, Appellant.**

No. 68,094.

CMR No. 9101848.

U.S. Court of Military Appeals.

Argued May 11, 1993.

Decided Sept. 10, 1993.

For Appellant: *Captain Robert Lane Carey* (argued); *Colonel Malcolm H. Squires, Jr., Lieutenant Colonel James H. Weise, Captain Robin N. Swope* (on brief); *Colonel Robert B. Kirby.*

For Appellee: *Captain John P. Saunders* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Joseph C. Swetnam* (on brief); *Major Donna L. Barlett* and *Captain Marcus A. Brinks.*

## *Opinion of the Court*

SULLIVAN, Chief Judge:

On July 22, and August 7, 1991, appellant was tried by a military judge sitting alone as a general court-martial at Baumholder, Germany. Pursuant to his pleas, appellant was found guilty of absence without leave (over 3 days); 2 specifications each of wrongful appropriation, dishonorably failing to maintain sufficient funds in his checking account, and breaking restriction; and making and uttering worthless checks (4 specifications), in violation of Articles 86, 121, 134, and 123a, Uniform Code of Military Justice, 10 USC § 886, 921, 934, and 923a, respectively. The military judge sentenced appellant to a dishonorable discharge, confinement for 3 years, total forfeitures, and reduction to Private E1. On November 12, 1991, in accordance with a pretrial agreement, the convening authority approved the adjudged sentence. On March 31, 1992, the Court of Military Review affirmed the findings and sentence in an unpublished opinion.

We specified the following issue: [1]

---

1. Appellant's originally assigned issue was: WHETHER APPELLANT IS ENTITLED TO A NEW PRETRIAL ADVICE AND TRIAL BECAUSE THE STAFF JUDGE ADVOCATE'S PRETRIAL ADVICE IMPROPERLY REFERENCES APPELLANT'S RACE.

We have resolved this issue against appellant in today's decision in *United States v. Green,* 37 MJ 380 (CMA 1993).

WHETHER THE CONVENING AUTHORITY ERRED BY FAILING TO REFERENCE IN HIS ACTION ON THE CASE, THE PRETRIAL CONFINEMENT CREDIT ORDERED BY THE MILITARY JUDGE.

We hold that the convening authority erred by failing to direct in his action the illegal pretrial confinement credit ordered by the military judge. RCM 1107(f)(4)(F), Manual for Courts–Martial, United States (1984). However, in view of the post-trial affidavit filed by a military prison official in this case, we hold that appellant was not prejudiced by this error. Art. 59(a), UCMJ, 10 USC § 859(a). *Cf. United States v. Bales,* 34 MJ 1217 (ACMR 1992).

The facts of this case are not in dispute. Appellant pleaded guilty to uttering worthless checks in the total amount of $5,598.96 and wrongfully appropriating a fellow soldier's ATM card and using it to withdraw $120.00 from this soldier's account. Appellant also pleaded guilty to being absent without leave (AWOL) from 0615 May 7 to 1700 May 10, 1991. Prior to going AWOL, appellant's pass privileges had been revoked, but no restriction was imposed. After his return from AWOL status, appellant was restricted to the limits of his barracks, dining facility, place of worship, and place of duty. On May 31, 1991, appellant violated restriction by twice going to downtown Baumholder.

Appellant was restricted to avoid the chance of further flight, as opposed to being restricted as a form of nonjudicial punishment. The parties agreed that this restriction was tantamount to pretrial confinement. Since the restriction was not imposed under the requirements of RCM 305, Manual for Courts–Martial, United States, 1984, however, the military judge ordered 2 for 1 sentence credit for each day appellant was restricted (May 10 to June 3)

after the seventh day (36 days' sentence credit). The military judge also ordered day for day credit for the period appellant was placed in pretrial confinement (June 4, to August 7, 1991—65 days' sentence credit). The parties agreed to a total of 101 days' sentence credit.[2] Finally, defense counsel later cited *County of Riverside v. McLaughlin,* 500 U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), for the proposition that appellant's illegal confinement should have been reviewed within 48 hours and that appellant should be awarded additional confinement credit. The parties agreed that appellant would receive *McLaughlin* credit beginning 2 days after that decision was published and, therefore, would receive a total of 105 days' sentence credit.[3]

The convening authority's action did not reference the illegal pretrial confinement credit directed by the military judge. The action dated 12 November 1991 stated the following:

> In the case of Private First Class Montague R. Stanford, 334–62–9455, U.S. Army, C Company, 3d Battalion, 12th Infantry Regiment, 8th Infantry Division (Mechanized), APO Army Europe 09034, the sentence is approved and, except for the part of the sentence extending to a dishonorable discharge, will be executed.
>
> s/
> JOHN P. OTJEN
> Major General, USA
> Commanding

The staff judge advocate in his post-trial recommendation dated 16 October 1991 did comment on appellant's pretrial confinement as follows:

> 4. *PRETRIAL RESTRAINT:* The military judge determined the restriction from 10 May 91 through 2 Jun 91 was tantamount to pretrial confinement and therefore, combined the days with the pretrial confinement during the period 3

---

2. This figure was not computed in accordance with the second sentence of RCM 103(9), Manual for Courts–Martial, United States, 1984. The agreement, however, is binding.

3. Applicability of *County of Riverside v. McLaughlin,* 500 U.S. ——, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), to the military justice system is a question pending before this Court in other cases. *See United States v. Rexroat,* 37 MJ 189 (1993); *United States v. Boothe,* 37 MJ 250 (1993). *See also United States v. Ketelboeter,* 37 MJ 270 (1993). We do not decide it today.

Jun 91 until 7 Aug 91 for *Allen* credit. A total of 105 days credit was granted based on two-for-one credit for each day of restriction and day-for-day credit for the remainder.

---

RCM 1107(f)(4)(F)[4] expressly requires that the convening authority direct in his post-trial action any RCM 305(k)[5] credit for illegal pretrial confinement ordered by the military judge. Nevertheless, the Government asserts that in the interest of judicial economy, the Report of Result of Trial should be used as extrinsic evidence establishing that prison officials were aware of the illegal pretrial confinement and that it was actually credited. Accordingly, the Government argues that the convening authority's failure to direct such credit in his post-trial action did not prejudice appellant. We agree, although not on the limited basis proffered by the Government. Art. 59(a).

■ Paragraph 5–26a, Army Regulation 27–10, Legal Services: Military Justice (22 Dec.1989), provides for use of DA Form

4430–R (Report of Result of Trial) to record, *inter alia,* "the amount of any presentence confinement."[6] The form itself requires entries for "presentence confinement," "judge-ordered administrative credit for illegal presentence confinement or restriction," and "[t]otal presentence confinement credit."[7] The Report is prepared by trial counsel to "notify the accused's immediate commander, the convening authority or the convening authority's designee, and if appropriate, the officer in charge of the confinement facility of the findings and sentence." RCM 1101(a).

In the present case the Government was permitted to file an appellate exhibit with this Court which included a certified true copy of appellant's DA Form 4430–R Report of Result of Trial. It notes 40 days of administrative credit for illegal pretrial confinement ordered by the military judge. However, no showing was made that prison authorities were required by law or regulation to award this administrative credit based on this report. Nevertheless, the Government also filed in this case an affi-

---

4. (F) *Credit for illegal pretrial confinement.* When the military judge has directed that the accused receive credit under RCM 305(k), the convening authority shall so direct in the action.

5. (k) *Remedy.* The remedy for noncompliance with subsection (f), (h), (i), or (j) of this rule shall be an *administrative credit* against the sentence adjudged for any confinement served as the result of such noncompliance. *Such credit shall be computed at the rate of 1 day credit for each day of confinement served as a result of such noncompliance. This credit is to be applied in addition to any other credit the accused may be entitled as a result of pretrial confinement served.* This credit shall be applied first against any confinement adjudged. If no confinement is adjudged, or if the confinement adjudged is insufficient to offset all the credit to which the accused is entitled, the credit, using the conversion formula under RCM 1003(b)(6) and (7), shall be applied against hard labor without confinement, restriction, fine, and forfeiture of pay, in that order, if adjudged. For purposes of this subsection, 1 day of confinement shall be equal to 1 day of total forfeiture or a like amount of fine. The credit shall not be applied against any other form of punishment. (*Emphasis added.*) *See United States v. Suzuki,* 14 MJ 491 (CMA 1983); *cf. United States v. Allen,* 17 MJ 126 (CMA 1984).

6. Section V Post-trial

**5–26. Report of result of trial**
   a. Under RCM 1101(a) or 1304(b)(2)(F)(v), the trial counsel or SCM will prepare a report of the result of trial at the end of the court-martial proceedings. It will be prepared on DA Form 4430–R (Report of Result of Trial). **(A reproduction master copy of this form appears at the end of this regulation and will be locally reproduced on 8 1/2by 11–inch paper.)** Post-trial prisoners who are transferred to the U.S. Disciplinary Barracks or the U.S. Army Correctional Activity must carry a copy of the DA Form 4430–R. DA Form 4430–R will include the amount of any presentence confinement and the names and social security numbers of any co-accused. The completed DA Form 4430–R will be typewritten, if practicable or legibly handwritten.

7. It states in pertinent part:
   7. Number of days of presentence confinement, if any: 65 days.
   8. Number of days of judge ordered administrative credit for illegal presentence confinement or restriction found tantamount to confinement, if any: 40.
   9. Total presentence confinement credit toward post-trial confinement: 105 days.

davit from prison authorities that appellant was credited with 40 days for the illegal pretrial confinement found by the military judge.

In *United States v. Bales*, 34 MJ 1217 (1992), the Army Court of Military Review held that the accused was not prejudiced when the convening authority failed to note the existence of pretrial confinement credit in his action. It did so because the amount of confinement credit was recorded in the Report of Result of Trial. The court also found that additional corrective action was unwarranted because this Report was included in the allied papers. Moreover, the court "believe[d] ... that appellate defense counsel [was] obligated to investigate and determine if an appellant has been deprived of appropriate sentence credit before raising the issue before this Court." 34 MJ at 1218 n 1.

█ We need not decide the correctness of *United States v. Bales, supra.* Here, there is an uncontradicted affidavit of a prison official that appellant received appropriate administrative credit for his unlawful pretrial confinement. Thus, the convening authority's failure to particularly direct prison authorities to do the same has not been shown to be prejudicial error. Moreover, there is not even an allegation of prejudice in this case. Nevertheless, we do not intend that our decision encourage deliberate or negligent disregard of presidential rule-making (Art. 36, UCMJ, 10 USC § 836) or create unnecessary doubt concerning this administrative credit. *Cf. United States v. Craig*, 28 MJ 321, 325 (CMA 1989). Accordingly, we conclude that the convening authority must correct his action to specifically state the amount of this credit.

The decision of the United States Army Court of Military Review is affirmed, except to the extent that it does not order corrective action. The record of trial is returned to the Judge Advocate General of the Army for return to the convening authority to correct his post-trial action to state the amount of credit for illegal pretrial confinement.

Judges COX, CRAWFORD, GIERKE, and WISS concur.