UNITED STATES, Appellee

v.

Sharvenckie R. LONNETTE, Sergeant
U.S. Army, Appellant

No. 05-0242

Crim. App. No. 20020349

United States Court of Appeals for the Armed Forces

Argued October 19, 2005

Decided January 24, 2006

EFFRON, J., delivered the opinion of the Court, in which GIERKE, C.J., and CRAWFORD, BAKER, and ERDMANN, JJ., joined.


Counsel


For Appellant:  Captain Scott T. Ayers (argued); Colonel Mark Cremin, Captain Rob W. MacDonald, and Captain Charles L. Pritchard Jr. (on brief); Lieutenant Colonel Mark Tellitocci, Lieutenant Colonel Kirsten V. C. Brunson, Major Allyson G. Lambert, and Major Billy B. Ruhling II.


For Appellee:  Captain Isaac C. Spragg (argued); Colonel Steven T. Salata, Lieutenant Colonel Theresa A. Gallagher, and Captain Edward Wiggers (on brief); Lieutenant Colonel Virginia G. Beakes.


Military Judges:  Debra L. Boudreau and Michael D. Neveu


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Lonnette, No. 05-0242/AR

Judge EFFRON delivered the opinion of the Court.

At a general court-martial composed of a military judge sitting alone, Appellant was convicted, pursuant to his pleas, of indecent assault and false swearing in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000). The adjudged sentence included a bad-conduct discharge, confinement for ten months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. The convening authority approved the findings, reduced the period of confinement by one month, and approved the balance of the sentence. In an unpublished opinion, the United States Army Court of Criminal Appeals affirmed the findings and sentence. United States v. Lonnette, No. ARMY 20020349 (A. Ct. Crim. App. Nov. 30, 2004).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE CONVENING AUTHORITY IMPROPERLY
> APPROVED FORFEITURE OF ALL PAY AND
> ALLOWANCES WHERE APPELLANT HAD ALREADY
> COMPLETED HIS SENTENCE TO CONFINEMENT AT THE
> TIME THE CONVENING AUTHORITY TOOK ACTION.

For the reasons set forth below, we affirm the decision of the Army Court of Criminal Appeals.

2

## I. BACKGROUND

Appellant, who was sentenced on April 8, 2002, was released from confinement on December 6, 2002. Approximately six weeks later, on January 16, 2003, the convening authority took his formal action on the findings and sentence. The sentence, as approved by the convening authority, included forfeiture of all pay and allowances.

According to Appellant, the convening authority erred by approving forfeiture of all pay and allowances after he was released from confinement. See United States v. Warner, 25 M.J. 64, 67 (C.M.A. 1987); Rule for Courts-Martial (R.C.M.) 1107(d)(2) Discussion ("When an accused is not serving confinement, the accused should not be deprived of more than two-thirds pay . . . ."). Noting that he was no longer in confinement at the time the convening authority approved the sentence, Appellant contends that he was entitled to "some pay once he was out of confinement, if in the appropriate leave status."

## II. DISCUSSION

Under Article 58b(a), UCMJ, 10 U.S.C. § 858b (2000), a servicemember sentenced by a general court-martial to confinement for more than six months is subject to forfeiture of all pay and allowances during the period of confinement. Once

the servicemember is released from confinement, entitlement to pay is dependent on a number of factors, such as whether the servicemember's term of service expired and whether the servicemember has been required to take appellate leave.  See United States v. Fischer, 61 M.J. 415, 419 (C.A.A.F. 2005); Article 76a, UCMJ, 10 U.S.C. § 876a (2000); Dep't of Defense Financial Management Regulations (DoD FMR), vol. 7A, subpara. 010301.F.1 (2005); see also United States v. Stewart, 62 M.J. __ (C.A.A.F. 2006)(setting forth considerations applicable to the imposition of forfeitures following release from confinement). A forfeiture is not a fine.  A forfeiture is deducted from a servicemember's pay and allowances only if the member is otherwise entitled to such compensation.  See R.C.M. 1003(b)(2); R.C.M. 1003(b)(2) Discussion.  If a servicemember on appeal alleges error in the application of a sentence that involves forfeitures, the servicemember must demonstrate that the alleged error was prejudicial.  See Article 59(a), 10 U.S.C. § 859(a) (2000).  To establish prejudice, an appellant bears the burden of demonstrating that he or she was entitled to pay and allowances at the time of the alleged error.

In this case, Appellant has not met this burden.  The critical data regarding entitlement to pay and allowances involves information that is well within the personal knowledge of members of the armed forces -- that is, the date of release

from confinement, the commencement date of any voluntary excess leave, and the termination date of an obligated period of service. To the extent that a servicemember is unable to recall specific dates, the data normally is retained in military records. Appellant has not alleged that he is unable to recall these dates, that he attempted to obtain the appropriate military records, or that he was unable to obtain access to any records. He has not provided the Court with the information necessary to determine whether he was entitled to pay and allowances on the pertinent dates. Accordingly, Appellant has not established prejudice under Article 59(a).

Following oral argument, the Government submitted to the Court a document indicating that at 0900 hours on December 6, 2002 -- the date Appellant was released from confinement -- his duty status was changed to "Present for Duty." According to a previously submitted separate document, Appellant was placed on voluntary excess leave forty-five minutes later. A servicemember on voluntary excess leave is not entitled to pay and allowances. DoD FMR, vol. 7A, subpara 010301.E (2005). Appellant has not presented any evidence that he subsequently entered a status for which he would have been entitled to pay and allowances.

Appellant, in support of the Government's post-oral argument motion to attach the document concerning his change of

circumstances on December 6, 2002, suggests that he was placed in a pay status on that day.  Appellant, however, has not addressed the fact that the documents indicate that he was on active duty for no more than forty-five minutes.  Assuming that Appellant was on active duty for forty-five minutes on December 6, the burden is on Appellant to demonstrate that he was entitled to pay and allowances on that date, that forfeitures were erroneously taken, and that if there was error, it was prejudicial.  Appellant has not done so.  If the defense believes that Appellant was entitled to pay and allowances on December 6, 2002, that matter can be resolved through appropriate administrative channels.  Under the circumstances of this case, the speculative possibility that Appellant might have been entitled to an undefined amount of pay and allowances on a single day is not sufficient to establish prejudice under Article 59(a).

## III. CONCLUSION

The decision of the United States Army Court of Criminal Appeals is affirmed.