UNITED STATES

v.

**Maurice A. MORRIS, Culinary Specialist Seaman Apprentice (E–2), U.S. Navy.**

**NMCCA 200501195.**

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 11 March 2005.

Decided 28 Feb. 2006.

CDR Michael J. Wentworth, JAGC, USNR, Appellate Defense Counsel.

Lt Anthony Yim, JAGC, USNR, Appellate Defense Counsel.

LCDR R.W. Sardegna, JAGC, USNR, Appellate Government Counsel.

Maj Kevin C. Harris, USMC, Appellate Government Counsel.

Before DORMAN, Chief Judge, CARVER, Senior Judge, and VOLLENWEIDER, Appellate Military Judge.

DORMAN, Chief Judge:

The appellant stands convicted of a single specification of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The military judge sentenced the appellant to confinement for 100 days, forfeiture of $750.00 pay per month for 4 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged, except that he did not approve the adjudged reduction to pay grade E–1.

The appellant raises two assignments of error. The first alleges that the CA breached a material term of the pretrial agreement when he did not suspend the adjudged forfeiture of pay. He next alleges that the military judge erred in admitting Prosecution

Exhibits 2–4 in the Government's case in rebuttal during the sentencing phase of the court-martial.

We have examined the record of trial, the appellant's assignments of error, and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Pretrial Agreement

Under the terms of a pretrial agreement, the CA was required to suspend any adjudged forfeiture of pay for a period of 1 year from the date of the CA's action. The pretrial agreement itself deferred such forfeiture of pay until the CA took action in the case. Additionally, the pretrial agreement deferred and waived automatic forfeiture of pay. The appellant was sentenced on 11 March 2005 and the CA took action on 13 July 2005. The appellant, however, began voluntary appellate leave on 17 April 2005. Affidavit of CDR Brooks of 31 Jan 2006 at 1.

The appellant asserts that the CA breached the terms of the pretrial agreement and allowed the execution of the adjudged forfeiture of pay. Appellant's Brief of 30 Sep 2005 at 4. He specifically alleges that the adjudged forfeiture of pay took effect 14 days after trial. *Id.* As a result of this alleged breach of the pretrial agreement, the appellant asks that we either set aside the findings and the sentence or affirm a sentence of "no punishment." *Id.* The appellant submitted no evidence to demonstrate that the adjudged forfeiture of pay was executed.

In its response, the Government argues that the appellant received the benefit of his bargain. In making this argument, the Government relies upon the language of the pretrial agreement itself, the content of the staff judge advocate's recommendation, and the language contained in the results of trial. Consistent with the efforts of the appellant, the Government submitted no evidence with its initial brief to demonstrate that the adjudged forfeiture of pay was not executed.

Faced with an issue that could easily be resolved by examining the appellant's pay records, we ordered the Government to produce evidence concerning the appellant's receipt of pay, and whether the appellant went on appellate leave. In compliance with our order, the Government submitted an affidavit from the Commanding Officer, Navy–Marine Corps Appellate Leave Activity (NAMA-LA)—the appellant's current commanding officer. That affidavit states that no forfeitures were applied against the appellant's pay and that the appellant went on appellate leave on 17 April 2005. Affidavit of CDR Brooks at 2. Thus, slightly more than a month after his court-martial, the appellant's entitlement to pay and allowances ceased because he began voluntary appellate leave. *See* Department of Defense Financial Management Regulation, Vol. 7A at ¶ 010301.E (Ch 23–03, 28 May 2003), and Pretrial Agreement, ¶ 11. Accordingly, this assignment of error has no merit.

We note with displeasure the fact that the appellant filed an assignment of error and brief with this court asserting, as fact, that he suffered forfeiture of pay in violation of the terms of his pretrial agreement, when that allegation was demonstrably false. Furthermore, the ability to confirm or refute this claim was readily available to appellate counsel because NAMALA is located within steps of both the Appellate Defense and the Appellate Government Divisions. Counsel who practice before this court have an ethical obligation to ensure that their pleadings are factually accurate. Judge Advocate General Instruction 5803.1C, Rule 3.3 (9 Nov 2004).

In *United States v. Lonnette,* 62 M.J. 296, 297 (C.A.A.F.2006) (citation omitted), our superior court clearly stated, "[i]f a servicemember on appeal alleges error in the application of a sentence that involves forfeitures, the servicemember must demonstrate that the alleged error was prejudicial. To establish prejudice, an appellant bears the burden of demonstrating that he or she was entitled to pay and allowances...." In that case, our superior court found that Sergeant Lonnette failed to meet that burden where he did not produce evidence that he was entitled to pay. Applying this rationale to the case before us, it was incumbent upon the appellant to demonstrate that he had not

received pay that was due him, not the Government's obligation to prove that he had been paid. We will follow *Lonnette* and its rationale in subsequent cases, requiring the appellant to demonstrate prejudice when alleging that the CA failed to comply with the terms of a pretrial agreement. In most cases, simply citing the language contained in post-trial documents will be held to be insufficient proof. *See id.* at 296–98.

### Admission of Prosecution Exhibits 2–4

During the sentencing phase of his court-martial, the appellant presented an unsworn statement to the military judge. He informed the military judge that he did not leave his unit without authority because he hated the Navy, but, rather, because he needed to put his family first. He explained that his fiancée was pregnant with his child, and that she developed complications with the pregnancy. After she nearly had a miscarriage, he decided to put his family first and assisted her throughout the pregnancy. He voluntarily returned from his unauthorized absence 5½ months after his son was born.

The Government then offered Prosecution Exhibits 2–4 in rebuttal. PE 2 is a document showing that the appellant was advised of his Article 31(b), UCMJ, 10 U.S.C. § 831(b), rights on 4 March 2004, for suspected unauthorized absence and use of a controlled substance. PE 3 is a document showing that the appellant provided a urine sample for drug screening on 9 March 2004. PE 4 is a document showing that the appellant's urine tested positive for THC, the metabolite for marijuana. The appellant's unauthorized absence began on 17 March 2004. PE 1 at 1. The appellant objected to the admission of PEs 2–4, arguing that the exhibits do not rebut any facts raised by the appellant. Record at 41. The Government argued that the documents suggested a different motive for the appellant's unauthorized absence than simply his concern for his family. The military judge admitted the exhibits, stating that he would only consider them as an alternative explanation of the appellant's reason for becoming an unauthorized absentee.

■■■■ We review a military judge's rulings on the admission or exclusion of evidence for abuse of discretion. *United States v. Ayala,* 43 M.J. 296, 298 (C.A.A.F.1995). In this case we find no error. PEs 2–4 present an alternative motive for the appellant's unauthorized absence. The appellant stated, as fact, that he left his ship, without authority, to care for his family. The evidence presented by the Government is relevant in that it suggests that the appellant's motives for leaving his ship might not have been as altruistic as he wanted the military judge to believe. All too often, service men and women leave their units when faced with criminal charges. Here, the military judge specifically stated that he would not consider the exhibits for the truth of the matter stated therein, but only as an alternative explanation for the appellant's unauthorized absence. He did not abuse his discretion in doing so.

### Conclusion

Accordingly, we affirm the findings and the sentence as approved by the convening authority.

Senior Judge CARVER and Judge VOLLENWEIDER concur.