UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and CARLTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 KIARA J. SHEPPARD
 United States Army, Appellant

 ARMY 20100056

 Headquarters, United States Army Special Operations Command
 Gary J. Brockington, Military Judge
 Colonel Mark W. Seitsinger, Staff Judge Advocate

For Appellant: Major Grace M. Gallagher, JA; Captain Jess B. Roberts, JA

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 19 May 2010

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

Per Curiam:

 The military judge sentenced appellant to a bad-conduct discharge,
confinement for six months, forfeiture of $964 pay per month for six
months, and reduction to Private E1. Consistent with the staff judge
advocate’s (SJA) erroneous recommendation, the convening authority approved
the adjudged sentence, despite a valid pretrial agreement requiring the
convening authority to disapprove confinement in excess of 120 days.

 Appellant noted the convening authority’s error in a footnote.
Appellant avers, in that footnote, that the confinement facility used the
result of trial to properly establish appellant’s release date from
confinement in accordance with the 120 day sentence limitation of the
pretrial agreement. Therefore, we find the error did not prejudice
appellant. See generally United States v. Stanford, 37 M.J. 388, 391
(C.M.A. 1993) (the court found no prejudice for convening authority’s
failure to reference pretrial confinement credit ordered by the military
judge in light of a prison official’s uncontradicted affidavit that
appellant received the appropriate sentence credit). We are confident the
appropriate relief for the improper action is to affirm only so much of the
sentence as is permitted under the terms of the pretrial agreement.

 We affirm the findings of guilty. Reassessing the sentence on the
basis of the error noted and the entire record, the court affirms only so
much of the sentence as provides for a bad-conduct discharge, confinement
for 120 days, forfeiture of $964 pay per month for six months, and
reduction to Private E1.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court