*537 CARLTON, Judge,
concurring in the result:
I concur. I however write separately to highlight my concern that the majority opinion could be interpreted as limiting government rebuttal in sentencing to the confines of Rule for Courts-Martial [hereinafter R.C.M.] 1001(b). I find the majority’s use of R.C.M. 1001(b) to address error occurring during government rebuttal in this case could prove confusing to the practitioner as to applicability of R.C.M. 1001(b) to rebuttal. The majority uses R.C.M. 1001(b) to illustrate the scope of appropriate rebuttal to rehabilitation testimony in light of the error herein where defense presents retention mitigation evidence allowed by United States v. Griggs, 61 M.J. 402, 410 (C.A.A.F.2005). United States v. Eslinger, 69 M.J. 522 (Army Ct.Crim.App. 14 May 2010). However, R.C.M. 1001(b) applies to the government’s sentencing case in aggravation and R.C.M. 1001(d) applies to rebuttal. The majority’s use of R.C.M. 1001(b) in the context of discussing rebuttal seems to blur the rules for aggravation and rebuttal and could therefore prove confusing to practitioners.
I agree with the majority that opinion testimony as to the accused’s rehabilitative potential must possess a rational basis for the witness’s conclusions founded upon the accused’s service, performance and character. The requirement for a rational eviden-tiary foundation of personal knowledge for such opinion testimony is not unique to R.C.M. 1001(b), but rather constitutes a basic foundational requirement for the admission of any such opinion evidence.[1]
The rules of evidence and jurisprudence applicable to rehabilitative potential opinion evidence offered in rebuttal mirror the evi-dentiary rules applicable to opinion testimony of rehabilitative potential offered in the government ease in aggravation as summarized by R.C.M. 1001(b)5(B)-(F). Military jurisprudence clearly prohibits rebuttal evidence from circumventing the rules of evidence. See United States v. Lowe, 56 M.J. 914 (N.M.Ct.Crim.App.2002) (finding government barred from using hearsay evidence in form of specific instances of conduct to impeach an opinion of defense mitigation evidence). See also United States v. Manns, 50 M.J. 767 (N.M.Ct.Crim.App.1999), aff'd 54 M.J. 164 (C.A.A.F.2000). In this case, however, rebuttal evidence faced no defense objection to a lack of evidentiary foundation.
With respect to the government rebuttal in this case, the majority provides that the proper scope of government rebuttal was potentially clouded by the presentation of defense “retention” evidence. Eslinger, 69 M.J. at 531. Griggs explained that the government may rebut such defense retention evidence by testimony that such opinion fails to constitute a “consensus view of the command.” 61 M.J. at 410 (quoting United States v. Aurich, 31 M.J. 95, 97 (C.M.A.1990)). I concur with the majority that the government is prohibited on rebuttal from presenting testimony commenting on the appropriateness of a punitive discharge. I also concur that the government is prohibited from presenting rebuttal testimony lacking in evidentiary foundational requirements, even if the defense presents classic mitigation evidence of retention evidence. Nothing in Griggs relieved the government of its obligation to meet evidentiary foundational and relevance requirements for rebuttal evidence. Alternatively, Griggs stated that the prohibition of commenting on the appropriateness of a punitive discharge remained the rule for both the defense and government. Griggs, 61 M.J. at 409. The Griggs court further explained that this prohibition was not based upon R.C.M. 1001(b). Id. See also United States v. Ohrt, 28 M.J. 301 (C.M.A.1989) (prohibiting direct testimony and inferences regarding the appropriateness of a punitive discharge). In sum, I respectfully submit that the impact of Griggs provided no change to the rules for rebuttal for the government, but instead clarified only that the door *538 opened during the defense ease in mitigation for the defense to present classic mitigation evidence pertaining to retention asserting that fellow soldiers would willingly serve with the accused again. Griggs, 61 M.J. at 410.
Substantial difference exists between evidence which may be initially introduced by the government relative to sentencing and that which it may properly present in rebuttal to the defense evidence. The government is not limited on rebuttal to offering only evidence that would have been admissible in aggravation, since the government rebuttal serves the purpose of rebutting the matters presented by the defense.[2] R.C.M. 1001(d). However, in contrast, R.C.M. 1001(b)(4) limits the scope of aggravation evidence to matters that directly relate to or result from the offense and confusion could result from a practitioner's misplaced application of R.C.M. 1001(b) to rebuttal. R.C.M. 1001(b). In this case, however, the defense failed to lodge proper objections where government rebuttal testimony exceeded its permissible scope by commenting on or inferring the appropriateness of a punitive discharge.
In the case at bar, I agree with the majority that the government testimony in rebuttal exceeded the bounds of appropriate rebuttal of defense retention evidence testimony, and I further concur that the opinion testimony of the government rebuttal witnesses lacked a sufficient evidentiary basis. Like the majority, I find no prejudice to the accused resulted from these errors. Accordingly, I concur to affirm the findings of guilty and the sentence in this case.
APPENDIX
NOTE: In a sentencing case before members, when a witness offers evidence which might be construed as comment on the appropriateness of a punitive discharge, the military judge should give the following instruction, tailored to the specific evidence.

For evidence offered in extenuation or mitigation

You have heard the testimony of [a] witness [es] indicating an opinion regarding [a desire to continue to serve with the accused] [a desire to deploy with the accused] [the accused’s rehabilitative potential]. The opinion of a fellow service member indicating [a desire to continue to serve with] [a desire to deploy with] [the positive rehabilitative potential of] an accused is a matter pertaining to the accused’s character which may mitigate the range of permissible punishments you adjudge.

For evidence offered in aggravation or rebuttal

The opinion of a witness [that he or she does not wish to continue to serve with the accused] [that the accused should not [deploy with] [or] [return to] the unit] [that the accused has limited rehabilitative potential] is not an aggravating factor and you cannot use that evidence to increase the severity of the accused’s sentence.

Concluding Instruction.

You may not consider such testimony as a recommendation regarding the appropriateness of a punitive discharge or any other specific sentence in the accused’s case. Whether or not the accused should receive the severe punishment of a punitive discharge or any other punishment is a matter for you alone to decide in the exercise of your independent discretion based on your consideration of all the evidence you have heard. No witness may suggest a specific element of punishment or sentence. [This rale does not apply to testimony by the accused regarding personal requests he/she *539 may make in relation to specific punishments.]
In evaluating the ability of a witness to comment on the accused’s character, you should consider how well the witness knows the accused, and the nature, quality, and history of contacts the witness has had in determining the value of any opinion the witness may render with regard to the accused.

. See Military Rule of Evidence [hereinafter M.R.E.] 401 (definition of relevant evidence); M.R.E. 403 (balancing of probative value with potential prejudice); M.R.E. 404 (character evidence not admissible to provide conformity in conduct); M.R.E. 405 (methods of proving character); M.R.E. 602 (personal knowledge of matter required as basis for testimony to a matter); M.R.E. 701 (opinion testimony by lay witness limited to opinions or inferences that are rationally based upon the perception of the witness and helpful to clear understanding).

. See United States v. Hallum, 31 M.J. 254 (C.M.A.1990) (finding uncharged misconduct proper rebuttal to good soldier evidence, court stated that rebuttal fell within discretion of trial judge and was restricted by evidence made necessary by opponent’s case); United States v. Morris, 62 M.J. 688 (N.M.Ct.Crim.App.2006) (no abuse of discretion found in admission of positive urinalysis on sentencing in rebuttal in AWOL case where accused asserted that he went AWOL due to family concerns; urinalysis suggested different motive for AWOL other than the altruistic motive suggested by accused on sentencing).