# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, M.C. HOLIFIELD, A.Y. MARKS**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## THOMAS J. HARRIS
## LIEUTENANT JUNIOR GRADE (O-2), U.S. NAVY

### NMCCA 201400382
### GENERAL COURT-MARTIAL

**Sentence Adjudged:** 29 July 2014.
**Military Judge:** LtCol C.J. Thielemann, USMC.
**Convening Authority:** Commander, Navy Region Northwest, Silverdale, WA.
**Staff Judge Advocate's Recommendation:** LCDR E.K. Westbrook II, JAGC, USN.
**For Appellant:** LT Jacqueline Leonard, JAGC, USN; LT Jessica L. Ford, JAGC, USN.
**For Appellee:** LCDR Keith B. Lofland, JAGC, USN.

### 18 August 2015

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court martial convicted the appellant, pursuant to his pleas, of one specification of receiving child pornography and one specification of possessing child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Members sentenced the appellant to 18 months' confinement and a dismissal. Pursuant to a pretrial agreement, the convening

authority (CA) waived all automatic forfeitures for six months but otherwise approved the sentence as adjudged.

The appellant raises two assignments of error: that his sentence was inappropriately severe and that the CA's action incorrectly omitted mention of pretrial confinement credit. We find no prejudicial error but order corrective action regarding the CA's action in our decretal paragraph. Arts. 59(a) and 66(c), UCMJ.

## Sentence Appropriateness

We review the appropriateness of a sentence *de novo*, *United States v. Cole*, 31 M.J. 270, 272 (C.M.A. 1990**), **giving "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 10 C.M.A. 102, 27 C.M.R. 176, 180-81 (C.M.A. 1959)). Sentence appropriateness "involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves" while clemency "involves bestowing mercy" and is a power reserved for other authorities. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988).

We are mindful of the matters presented in extenuation and mitigation as well as the sentencing authority's recommendation of "clemency of 6 months upon demonstrated rehabilitation counseling based on the counselor's recommendation."[1] Nonetheless, the nature and seriousness of the offense are significant: the appellant searched for and downloaded over 3,000 pictures and 24 videos of graphic child pornography. He then transferred those images to his cloud storage account. Weighing these offenses with an individualized consideration of the appellant, we conclude that the sentence is appropriate. Further relief would be a matter of clemency, reserved for other authorities. *Healy*, 26 M.J. at 395–96.

## Convening Authority's Action

The military judge ordered that the appellant be credited with six days spent in pretrial confinement; there is no dispute the appellant is entitled to this credit. While the credit is accurately reflected in the results of trial, the CA's action omits any mention of it.

---

[1] Record at 461.

While the appellant asserts this is error, he cites no authority for the proposition that credit for lawful pretrial confinement is required to be noted in the CA's action. RULE FOR COURTS-MARTIAL 1107(f)(4)(F), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) requires that when a military judge awards administrative credit for *illegal* pretrial confinement, the CA "shall so direct in the action." There is no similar requirement for *legal* pretrial confinement. Noting this, our Army brethren have held "there is no requirement that the convening authority order sentence credit for *legal* pretrial confinement in his action." *United States v. Bales*, 34 M.J. 1217, 1218 (A.C.M.R. 1992). We agree. Further, there is no indication that confinement facility authorities, relying on the results of trial, did not properly account for pretrial confinement credit. While mention of *all* credit for pretrial confinement, illegal or not, certainly is more prudent to ensure clarity in CA's actions, it is not required, so no corrective action on this point is necessary.

Another matter, however, does require corrective action. Although not raised by the parties, we note an error in the staff judge advocate's recommendation (SJAR) and the CA's action. Prior to entering pleas, the Government withdrew and dismissed the language "on divers occasions from between" and "to on or about 9 January 2014" in Specifications 1 and 2 of Charge II. The results of trial, incorporated into the SJAR by reference, and the CA's action, nonetheless, incorrectly indicate this language remained. The appellant did not object to this error in the SJAR and has not asserted any error or prejudice here.

We find no prejudice resulting from this error but, to ensure accuracy of records, we will direct corrective action in our decretal paragraph. *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998).

**Conclusion**

The findings and the sentence are affirmed. The supplemental CMO will reflect that Specifications 1 and 2 of Charge II did not include the language "on divers occasions from

3

between" and "to on or about 9 January 2014" at the time of the pleas and the findings.

For the Court

R.H. TROIDL
Clerk of Court

4