# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman ERIC B. COBAUGH
### United States Air Force

## ACM 38662

## 14 December 2015

Sentence adjudged 25 April 2014 by GCM convened at Ramstein Air Base, Germany. Military Judge: Christopher F. Leavey.

Approved Sentence: Bad-conduct discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for Appellant: Captain Jonathan D. Legg.

Appellate Counsel for the United States: Major Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

DUBRISKE, Judge:

At a general court-martial, Appellant was charged with failure to obey a lawful order, attempted killing of an unborn child, and aggravated assault, in violation of Articles 92, 119a, and 128, UCMJ, 10 U.S.C. §§ 892, 919a, 928. A panel of officer and enlisted members found Appellant, contrary to his pleas, guilty of failing to obey a lawful order and assault consummated by a battery, which was the lesser included offense of aggravated assault.

Appellant was sentenced to a bad-conduct discharge, 12 months of confinement, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, Appellant alleges the military judge erred in addressing an ambiguity in the sentence originally announced by the panel members. Appellant argues the military judge should have either interpreted the ambiguity in Appellant's favor or properly instructed the members on reconsideration procedures prior to the panel returning to deliberations to clarify the sentence. We find no error. However, prior to completing our statutory review of this case, we direct the completion of a new action and promulgating order.

*Background*

The charged offenses surrounded Appellant's assault of his pregnant wife in which he repeatedly struck her about the head and torso with his fists. Appellant also choked his wife during this altercation, which was only stopped when numerous bystanders intervened and forcibly restrained Appellant. The incident was witnessed by multiple individuals, as well as partially captured on a surveillance video. Appellant was subsequently given a no-contact order by his unit commander that prohibited him from contacting his wife. Appellant violated this order within hours of its issuance, generating the failure to obey a lawful order specification.

*Sentence Ambiguity*

After the panel completed deliberations on Appellant's sentence, the military judge reviewed the sentencing worksheet and, after returning it, requested the president deliver the panel's sentence. The president announced, in addition to the punitive discharge, confinement, and reduction in rank, that Appellant was sentenced "[t]o forfeit all pay and allowances" and "[t]o forfeit $372 of your pay per month for 12 months."

Immediately after the sentence was read in open court, the military judge recognized the announcement relating to forfeitures was ambiguous. The military judge advised the president that while both punishments were permissible, they obviously could not impose partial forfeitures in conjunction with total forfeitures. The panel president noted the confusion stemmed from the portion of the sentencing instructions addressing forfeitures of pay and allowances imposed by operation of law when a military member is sentenced to a punitive discharge or six months or more of confinement.

The military judge then returned the panel members to the deliberation room to determine what amount of forfeitures were appropriate based on the panel's deliberations. Trial counsel and trial defense counsel lodged no objections to this course of action when asked by the military judge.

The panel members returned a short time later. After the military judge confirmed with the president that the forfeitures being imposed had received the necessary votes from the panel, the president announced Appellant was sentenced to total forfeitures of pay and allowances.

As Appellant's trial defense counsel failed to object to the military judge's resolution of this issue, we review the claim for plain error. In order "[t]o prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

Regardless of whether the panel's announcement was erroneous or instead contained an ambiguity that required clarification, we believe the military judge properly resolved the discrepancy prior to adjournment. *See* Rule for Courts-Martial (R.C.M.) 1007(b); R.C.M. 1009(c)(2); *see generally United States v. Jones*, 34 M.J. 270, 271 (C.M.A. 1992) (stating a sentence cannot be increased after adjournment even to correct clear errors in the announcement of the sentence). Our superior court has recognized a trial judge's authority to correct an erroneous sentence under R.C.M. 1007(b) prior to adjournment when it stated:

> We do not suggest that sentences cannot be corrected, even upward, on the spot. The mere utterance of the sentence does not [a]ffect some magical transformation. Ordinarily, it will be only after the hearing has terminated that a charge of collective heart-changing can arise.

*United States v. Baker*, 32 M.J. 290, 293 n.6 (C.M.A. 1991). We believe the same rationale likewise applies when a military judge clarifies an ambiguous sentence under R.C.M. 1009(c)(2) before the court is adjourned.

While Appellant argues the military judge allowed the sentence to be increased in this case, we do not believe the discussion on the record supports this claim. The military judge simply requested the members clarify the mutually exclusive portions of the sentence relating to forfeitures. The sentence returned by the members did not increase the sentence given the initial announcement of total forfeitures of pay and allowances but instead only served to correct the ambiguity. *See United States v. Garner*, 71 M.J. 430, 434 (C.A.A.F. 2013). The discussion between the military judge and the panel president establishes the clarified sentence was the sentence the members initially intended to impose.

Additionally, Appellant has failed to identify how he has been prejudiced by any error in this case. Provided the members would have imposed partial forfeitures,

Appellant's adjudged sentence would have still mandated total forfeitures of pay and allowances during his period of confinement by operation of law. Moreover, we note that, pursuant to Appellant's request, the convening authority deferred the adjudged forfeitures until action, which occurred after Appellant's release from confinement, to facilitate the waiver of pay and allowances for the benefit of Appellant's spouse. As Appellant has not alleged he forfeited total pay and allowances between action and his placement on appellate leave, we see no material prejudice in this case. *See United States v. Lonnette*, 62 M.J. 296, 297 (C.A.A.F. 2006).

*Convening Authority Action*

Pursuant to defense motion, the military judge granted Appellant an additional 24 days of pretrial confinement credit because Appellant did not receive his prescription medications in a timely manner leading up to trial. This credit should have been captured in the convening authority's action. R.C.M. 1107(f)(4)(F); Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, ¶ 9.4.1 (6 June 2013). While there is no evidence Appellant suffered prejudice in the form of extended confinement, we order a corrected action and promulgating order that addresses this credit. *See United States v. Stanford*, 37 M.J. 388, 391 (C.M.A. 1993).

We also note the convening authority's action erroneously approved total forfeitures of pay and allowances even though Appellant had been released from confinement prior to action. R.C.M. 1107(d)(2), Discussion; AFI 51-201, *Administration of Military Justice*, ¶ 9.26.1 (6 June 2013). We find no prejudice to Appellant but direct the corrected action and promulgating order likewise address this matter.

*Conclusion*

The record of trial is returned to The Judge Advocate General for remand to the convening authority for withdrawal of the original action and substitution of a corrected action and promulgating order. Thereafter, Article 66, UCMJ, 10 U.S.C. § 866, shall apply.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court