# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39463**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Matthew C. SMITH**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 July 2019

————————————

*Military Judge:* J. Wesley Moore (arraignment); Christina M. Jimenez.

*Approved sentence:* Dishonorable discharge, confinement for 10 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 18 January 2018 by GCM convened at Robins Air Force Base, Georgia.

*For Appellant:* Major Jarett F. Merk, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges.*

Judge DENNIS delivered the opinion of the court, in which Senior Judge JOHNSON and Judge LEWIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DENNIS, Judge:

Appellant was convicted, in accordance with his pleas and pursuant to a pretrial agreement, of three specifications of failure to obey a lawful order, four specifications of sexual assault of a child, and one specification of obstruction

of justice in violation of Articles 92, 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920b, 934.[1] A military judge sitting alone sentenced Appellant to a dishonorable discharge (mandatory), confinement for ten years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.[2]

Appellant raises a single issue on appeal: that his sentence to ten years confinement was unduly severe. We do not find Appellant's sentence unduly severe, but we do note an error in the convening authority's action. We affirm the findings and the sentence and we return the record of trial to The Judge Advocate General for remand to the convening authority for a corrected action.

## I. BACKGROUND

Appellant was a 19-year-old Airman when he met then 14-year-old MR through a social media application. Despite being immediately made aware of MR's age, Appellant continued to communicate with her and eventually asked her to "be his girlfriend."

Over the course of approximately nine months, Appellant engaged in a series of sexual and controlling behaviors with MR. About two weeks after their initial contact, Appellant—then assigned to Robins Air Force Base, Georgia—went to MR's house in North Carolina. Upon meeting MR's parents, he identified himself as a 17-year-old high school student. When MR's parents discovered Appellant's true identity, MR agreed to stop seeing him but continued to do so surreptitiously. Appellant would at times take MR out of the house or sneak into MR's second floor bedroom while her parents were sleeping. During the nine months of their "relationship," MR's relationships with her friends and family deteriorated. According to MR, Appellant tracked her location at all times, insisted that she make herself available for his calls or visits when she was out of school, and made her maintain a video chat connection with him through the night. Appellant also limited MR's ability to socialize with her friends, engage in after school sports, and even spend time with her family.

Appellant's misconduct was discovered after Appellant and MR concocted a plan for MR to run away from home so she could spend the summer with Appellant in Georgia. Feeling pressured by Appellant, MR—then 15 years old—drove by herself from North Carolina to Georgia. The trip took her approximately ten hours to complete. Upon her arrival, Appellant used his adult

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial*, *United States* (2016 ed.).

[2] The pretrial agreement authorized the convening authority to approve up to 12 years of any adjudged confinement.

identification card to check MR into a nearby hotel sometime between 0300 and 0400 hours. He paid for the room using $120 MR gave him from money she had earned working on her family's farm. Appellant showed her to the room, committed sexual assault upon her, received a text message and left. MR later contacted her sister who worked with law enforcement for MR's safe return home.

Appellant was ordered to have no contact with MR but he did so anyway. Appellant not only repeatedly violated the no contact order, he repeatedly asked MR to lie to law enforcement and under oath about the nature of their relationship when he learned he was under investigation. When Appellant learned that MR was staying with her sister, he drove from Georgia to North Carolina where he met MR at 0200 hours. Once the two were sitting in Appellant's car, he told MR to "lie in court." Following that conversation, Appellant once again sexually assaulted MR. MR's sister reported the incident to law enforcement and Appellant was eventually placed into pretrial confinement where he remained until trial.

## II. DISCUSSION

### A. Sentence Severity

Appellant alleges that his sentence of ten years confinement is unduly severe. We disagree.

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). While we have great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 148 (C.A.A.F. 2010).

Appellant asks us "to consider and compare other courts-martial sentences" which Appellant asserts are "closely related" to Appellant's case. The United States Court of Appeals for the Armed Forces (CAAF) has defined "closely related" cases as those cases which there are "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Appellant provides several cases for our consideration but none which satisfy the CAAF's definition. For example, Appellant asserts that *United States v. Flester*, 2013

CCA LEXIS 213 (A.F. Ct. Crim. App. 5 Mar. 2013) (unpub. op.) is closely related because the victim in *Flester* was approximately 15 years old and, like Appellant, A1C Flester repeatedly violated his commander's no contact orders. We find this comparison flawed. Not only is the *Flester* case not in any way directly connected to Appellant's, but Appellant ignores the litany of aggravating factors at issue in his case. Appellant engaged in a variety of deceitful behavior and knowingly influenced a minor child to do the same. Appellant asserts that his relationship with MR was consensual. It was not. At only 14 or 15 years old during her "relationship" with Appellant, MR could not consent to engaging in sexual acts with him. *Manual for Courts-Martial, United States* (2016 ed.), pt. IV ¶ 45b.a.(g). Though Appellant points to the fact that he did not use force over MR, we are nevertheless troubled by his efforts to control and isolate MR from her family and friends. Appellant's actions demonstrated a complete lack of regard for MR's emotional and physical well-being. In short, Appellant's misconduct warranted a severe sentence.

Based solely on his guilty plea, Appellant faced a maximum term of confinement of 126 years and 6 months; he was sentenced to a mere fraction of that amount. After giving individualized consideration to Appellant, his record of service, the nature and severity of the offense, and all other matters contained in the record of trial, we do not find Appellant's sentence to be unduly severe.

## B. Convening Authority Action

Our review of the record revealed an error in the convening authority's action. We review post-trial processing issues de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000)).

At trial, Appellant filed a motion for appropriate relief for pretrial confinement credit pursuant to Rule for Courts-Martial (R.C.M.) 305(k) which provides, "The military judge may order additional credit for each day of pretrial confinement that involves an abuse of discretion or unusually harsh circumstances." The military judge granted Appellant's motion, in part, on the grounds that the Government had failed to comply with the requirements set forth in R.C.M. 305(i)(2) which requires a neutral and detached pretrial confinement reviewing officer. The military judge awarded Appellant "22 days additional credit as a result of the noncompliance."

After trial, the staff judge advocate properly advised the convening authority Appellant was to be credited with 212 days of pretrial confinement days, including 190 days pursuant to *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984) and 22 days pursuant to R.C.M. 305(k).

R.C.M. 1107(f)(4)(F) expressly provides that "[w]hen the military judge has directed that the accused receive credit under R.C.M. 305(k), the convening authority shall so direct in the action." The convening authority's failure to include the additional 22 days of pretrial confinement awarded by the military judge requires us to return the record for corrected action. *See United States v. Stanford*, 37 M.J. 388, 390–91 (C.A.A.F. 1993).

## III. CONCLUSION

The findings and sentence are **AFFIRMED**. We return the record of trial to The Judge Advocate General for remand to the convening authority to withdraw the erroneous action and substitute a corrected action. Further, we order the promulgation of a corrected court-martial order reflecting the correct action. Thereafter, the record of trial will be returned to this court for completion of appellate review in accordance with Article 66, UCMJ, 10 U.S.C. § 866.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court