UNITED STATES, Appellee

v.

Matthew J. MCCLAIN, Specialist
U.S. Army, Appellant

No. 12-0099

Crim. App. No. 20090446

United States Court of Appeals for the Armed Forces

Argued March 12, 2012

Decided April 10, 2012

PER CURIAM

Counsel

For Appellant:  Captain Matthew T. Grady (argued); Colonel
Patricia A. Ham, Lieutenant Colonel Imogene M. Jamison, and
Major Richard E. Gorini (on brief).

For Appellee:  Captain Frank E. Kostik Jr. (argued); Major Amber
J. Roach and Major LaJohnne A. White (on brief).

Military Judge:  Andrew Glass

**This opinion is subject to revision before final publication.**

PER CURIAM:

Specialist Matthew J. McClain pleaded not guilty at a general court-martial to one specification of possessing child pornography and one specification of distributing child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006). A military judge found McClain guilty of both specifications and sentenced him to reduction to E-1, confinement for fourteen months, and a bad-conduct discharge. The convening authority approved thirteen months of the adjudged confinement and otherwise approved the sentence adjudged. The United States Army Court of Criminal Appeals (CCA) dismissed the distribution specification but affirmed the possession finding and the sentence. United States v. McClain, No. ARMY 20090446, slip op. at 5 (A. Ct. Crim. App. Aug. 19, 2011).

## Background

During a child pornography investigation in Hawaii, the Naval Criminal Investigative Service (NCIS) identified an Internet Protocol (IP) address belonging to McClain that contained what the agent believed to be video files of child pornography in a Limewire share folder. The agent could not download or view any of the four files from McClain's computer that formed the basis of the possession specification, but based on the characteristics of the files (i.e., title, size, type,

2

United States v. McClain, No. 12-0099/AR

and "SHA1" value[1]) he downloaded what he believed were identical files from other Limewire users.  McClain admitted in a pretrial statement to knowingly downloading child pornography while assigned in Hawaii.  After being shown the file names of the four videos charged in the possession specification, McClain stated that he could not recall the file names but admitted that he had downloaded those video files.  Explaining why he downloaded the child pornography, McClain stated that he was "curious," but when he viewed the videos he was disgusted and never downloaded any other child pornography.

We granted review of this case to determine if the evidence is legally sufficient to affirm the possession of child pornography conviction.[2]  We hold that the evidence is legally sufficient and affirm the decision of the CCA.

Discussion

This court reviews issues of legal sufficiency of the evidence de novo.  United States v. Winckelmann, 70 M.J. 403,

---

[1] The agent testified during the pretrial motions hearing that a "SHA1" value is a 32-digit alphanumeric code that acts as a digital signature of the file and that it is more accurate than DNA; it was developed originally to permit security of electronic financial transactions.

[2] We granted review of the following issue:

> Whether the evidence is legally sufficient to support Appellant's conviction of possessing child pornography.

United States v. McClain, 2011 CAAF LEXIS 1087 (C.A.A.F. 2011) (order granting review).

406 (C.A.A.F. 2011). "Evidence is legally sufficient if, viewed in the light most favorable to the Government, a rational trier of fact could have found the essential elements of [possession of child pornography] beyond a reasonable doubt." Id. (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). In applying this test, we must "'draw every reasonable inference from the evidence of record in favor of the prosecution.'" Id. (quoting United States v. Bright, 66 M.J. 359, 365 (C.A.A.F. 2008)).

McClain does not contest that the four videos introduced into evidence contain child pornography. He argues, however, that the evidence is legally insufficient as there is no evidence that the videos on his computer were the four charged videos of child pornography, nor was there evidence he exercised actual dominion over and control of those videos.

The statement made by McClain on July 16, 2008, and admitted as Prosecution Exhibit 3 was sufficiently corroborated by the other evidence, both direct and circumstantial, for the military judge to admit the statement.[3] McClain did not object at trial to the statement's admission nor is he now asserting on

---

[3] Military Rule of Evidence (M.R.E.) 304(g); see also United States v. Harcrow, 66 M.J. 154, 160 (C.A.A.F. 2008) ("The standard for corroboration is very low. Corroborating evidence must raise only an inference of truth as to the essential facts admitted. This inference may be drawn from a quantum of corroborating evidence that this Court has described as very slight." (citations and quotation marks omitted)).

appeal that the military judge erred by admitting the statement.[4]

That statement provides direct evidence that McClain intentionally sought pornography on the Internet using a Limewire software program that he installed on his computer, knowingly downloaded what he thought were videos containing child pornography, and then viewed those videos.  An agent from the Army Criminal Investigation Command testified that when he showed McClain the names of the videos that were found saved in a shared folder on McClain's computer, McClain admitted that he had downloaded those files to his computer.  The NCIS agent also testified that the characteristics of the files he found in the shared folder on McClain's computer were identical with the characteristics of the videos admitted into evidence including the fact that they had the same title, they were the same size files, they were the same type of file (i.e., videos), and they shared the same SHA1 value.[5]  We hold that based on this evidence, including every reasonable inference that can be drawn from the evidence when viewed in the light most favorable to the Government, a rational trier of fact could find the essential

---

[4] M.R.E. 304(d)(2)(A).

[5] Because the agent was testifying as a lay rather than expert witness, the military judge did not permit the NCIS agent to testify on the merits as to the significance of the SHA1 value or what a SHA1 value is; however, the military judge did properly admit the agent's testimony of the SHA1 value as evidence of a shared characteristic.

United States v. McClain, No. 12-0099/AR

elements of the charged offense of possession of child pornography beyond a reasonable doubt.

Conclusion

The decision of the United States Army Court of Criminal Appeals is affirmed.