# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class MANUEL E. OLMOTORRES**
**United States Army, Appellant**

ARMY 20111103

Headquarters, Fort Carson
Mark A. Bridges, Military Judge
Colonel John S.T. Irgens, Staff Judge Advocate

For Appellant:  Captain Kristin B. McGrory, JA; Captain John L. Schriver, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA (on brief).

8 November 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

An enlisted panel, sitting as a general court-martial, convicted appellant, contrary to his plea, of wrongfully possessing child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ].  The panel sentenced appellant to a bad-conduct discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority only approved so much of the sentence as extends to a bad-conduct discharge, confinement for three years, and reduction to the grade of E-1.[*]

This case is before us for review under Article 66, UCMJ, which provides that a Court of Criminal Appeals "may affirm only such findings of guilty . . . as it finds

---

[*] The convening authority deferred appellant's automatic forfeitures until action but, at the time of the deferral, did not address appellant's adjudged forfeitures. However, at action, the convening authority disapproved appellant's adjudged forfeitures thereby effectuating the intended deferral.  In addition, the convening authority waived appellant's automatic forfeitures for six-months for the benefit of appellant's dependents.

correct in law and fact." In performing our duty, we must conduct a de novo review of legal and factual sufficiency. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). Our review for factual sufficiency "involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses." *Id*. As for legal sufficiency, "[e]vidence is legally sufficient if, viewed in the light most favorable to the Government, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. McClain*, 71 M.J. 80, 81 (C.A.A.F. 2012) (per curiam) (quoting *United States v. Winckelmann*, 70 M.J. 403, 406 (C.A.A.F. 2011)).

This was a single charge, single specification case, explicitly alleging appellant wrongfully possessed child pornography in violation of Clauses 1 and 2 of Article 134, UCMJ. Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant claims, *inter alia*, that the evidence is both legally and factually insufficient to establish that his conduct was prejudicial to good order and discipline. We agree. The government admitted no evidence tending to prove that appellant's conduct was prejudicial to good order and discipline. Therefore, on the record before us, we conclude that the evidence is legally and factually insufficient to sustain appellant's conviction for conduct in violation of Clause 1 of Article 134, UCMJ. Appellant's remaining *Grostefon* allegations lack merit.

**CONCLUSION**

Accordingly, the court affirms only so much of the finding of guilty of the Specification of The Charge as finds that appellant "did, at or near Fort Carson, Colorado, between on or about 15 March 2010 and on or about 3 May 2010, knowingly and wrongfully possess a Western Digital hard disk drive containing some amount of child pornography as defined in 18 United States Code Section 2256, such conduct being of a nature to bring discredit upon the Armed Forces." Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court