UNITED STATES, Appellee

v.

Douglas K. WINCKELMANN, Lieutenant Colonel
U.S. Army, Appellant

No. 11-0280

Crim. App. No. 20070243

United States Court of Appeals for the Armed Forces

Argued October 24, 2011

Decided December 12, 2011

RYAN, J., delivered the opinion of the Court, in which BAKER,
C.J., ERDMANN and STUCKY, JJ., and COX, S.J., joined.

<u>Counsel</u>

For Appellant: <u>Mary T. Hall</u>, Esq. (argued); <u>Captain A. Jason
Nef</u> (on brief).

For Appellee: <u>Captain Stephen E. Latino</u> (argued); <u>Major Amber
J. Williams</u> and <u>Captain Ellen S. Jennings</u> (on brief).

Military Judge: David L. Conn

<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**</u>.

Judge RYAN delivered the opinion of the Court.

We granted the petition for review to determine whether the United States Army Court of Criminal Appeals (ACCA) erred in affirming the finding of guilty as to Specification 3 of Charge III, attempted enticement of a minor in violation of 18 U.S.C. § 2422(b) (2006), and whether the ACCA erred in affirming the forfeiture of all pay and allowances.[1]  We hold that the lower court erred in both instances.  First, under the facts of this case, the line "u free tonight" did not constitute a substantial step toward enticement of a minor.  The evidence related to Specification 3 of Charge III was thus not legally sufficient. Second, the ACCA erroneously affirmed the forfeiture of all pay

---

[1] On July 7, 2011, we granted the petition for review on two issues:

> I.  WHETHER THE LOWER COURT ERRED IN AFFIRMING THE FINDING OF GUILTY AS TO SPECIFICATION 3 OF CHARGE III WHEN IT FOUND THAT AN ONLINE CHAT CONTAINING THE LINE "U FREE TONIGHT" WAS SUFFICIENT TO PROVE ATTEMPTED ENTICEMENT.

> II.  WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED BY AFFIRMING FORFEITURE OF ALL PAY AND ALLOWANCES WHEN THE CONVENING AUTHORITY DID NOT APPROVE ANY FORFEITURE.

We also specified a third issue:

> III.  WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN UNITED STATES v. RESENDIZ-PONCE AND RUSSELL v. UNITED STATES, AND THIS COURT'S RECENT OPINIONS IN MEDINA, MILLER, AND JONES.

Senior Judge Cox did not participate in the resolution of the specified issue.

and allowances because the convening authority did not approve any forfeitures in the final convening authority's action. Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c) (2006). However, no prejudice was caused by this error, because Appellant was nonetheless subject to automatic forfeitures. Article 58b, UCMJ, 10 U.S.C. § 858b (2006).

## I. PROCEDURAL HISTORY

Pursuant to his pleas, Appellant was found guilty of two specifications of conduct unbecoming an officer and a gentleman and two specifications of indecent acts with another, in violation of Articles 133 and 134, UCMJ, 10 U.S.C. §§ 933, 934 (2006). A panel of officer members convicted Appellant, contrary to his pleas, of two specifications of conduct unbecoming an officer and a gentleman, one specification of possession of child pornography, three specifications of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b), two specifications of communicating indecent language, and two specifications of obstruction of justice, in violation of Articles 133 and 134, UCMJ. The members sentenced Appellant to confinement for thirty-one years, forfeiture of all pay and allowances, and a dismissal. The convening authority initially issued an order that approved "the forfeiture of all pay and allowances," but it later withdrew the order and substituted it

with an order that approved "[o]nly so much of the sentence as provides for confinement for 31 years and a dismissal."

Appellant challenged the factual and legal sufficiency of the convictions, and the ACCA set aside two of the findings: (1) Specification 2 of Charge III, involving the attempted enticement of a minor by sending a nude picture of a male, for failure to state an offense; and (2) the finding of guilty for possession of child pornography. United States v. Winckelmann, No. ARMY 20070243, 2010 CCA LEXIS 390, at *26, *39, 2010 WL 4892816, at *9, *12 (A. Ct. Crim. App. Nov. 30, 2010) (unpublished). After setting aside the two guilty findings, the court reassessed the sentence and affirmed only so much of the sentence that provided for confinement for twenty years, forfeiture of all pay and allowances, and a dismissal.[2] 2010 CCA LEXIS 390, at *45, 2010 WL 4892816, at *15. The ACCA affirmed the remaining findings, although it was divided over the legal sufficiency of the evidence and the military judge's instructions with respect to Specification 3 of Charge III. Compare 2010 CCA LEXIS 390, at *21, *30, 2010 WL 4892816, at *7, *10 (holding that the evidence was "overwhelming" and finding no error in the attempt instruction), with 2010 CCA LEXIS 390, at

---

[2] The ACCA did not state or suggest that it had affirmed the forfeiture of all pay and allowances, which was not approved by the convening authority in his final action, as part of this sentence reassessment.

4

*51, 2010 WL 4892816, at *16 (Gifford, J., concurring in the result) (finding the instructions "minimally sufficient"), and 2010 CCA LEXIS 390, at *64, *84, 2010 WL 4892816, at *20, *26 (Ham, J., concurring in part, dissenting in part and in the result) (concluding that the evidence was neither "factually [n]or legally sufficient" and that the military judge failed to properly instruct the members).

## II. FACTUAL BACKGROUND

The following facts are relevant to Specification 3 of Charge III.

While serving in Bosnia, Appellant received letters from second grade children on Valentine's Day. Appellant wrote back to the children and became "pen-pals" with a young boy named RM. Appellant maintained the relationship with RM, and, over the years, he became a friend of the family and developed a "big brother/little brother relationship" with RM. Appellant visited often, wrote letters, and used his e-mail address to correspond with RM. The family knew Appellant's screen name, "NYJOJO2G."

When RM's mother, KM, purchased a new computer in 2005, she received a "buddy list"[3] update from her online service provider, America Online (AOL), that contained Appellant's screen name. She noticed that "NYJOJO2G" was in a chat room called "boys with small ones."  KM continued to monitor the buddy list, and she later had her son create the screen name "2CUTE4U" to chat with Appellant in a chat room labeled "boys wearing briefs."  The conversation was sexually explicit, and it ended abruptly when RM identified Appellant by his first name.

Using a second fictitious screen name, "Il ovean al 12," KM again followed "NYJOJO2G" into a chat room.  As "Il ovean al 12," KM identified herself as a fifteen-year-old male from New York, and Appellant asked KM to join him in a private chat room. The private chat lasted approximately twenty-two minutes with eleven minutes of dialogue and had forty-one lines of text, as follows:

NYJOJO2G [9:04 PM]:  u in nyc

Il ovean al 12 [9:05 PM]:  yeah

NYJOJO2G [9:05 PM]:  where

---

[3] A "buddy list" is a service that AOL has used since at least 1997, and it "enables the subscriber to create a list of identified screen names employed by other users with whom the subscriber wishes to communicate and displays which of those pre-selected users is currently using the AOL service."  America Online, Inc. v. AT & T Corp., 243 F.3d 812, 815 (4th Cir. 2001). When a "buddy" from the list is identified as online, the AOL subscriber can click on "buddy info" to initiate an instant message conversation or join the "buddy" in a chat room.

NYJOJO2G [9:05 PM]:  gay or bi

Il ovean al 12 [9:05 PM]:  brooklyn

Il ovean al 12 [9:05 PM]:  bi

NYJOJO2G [9:05 PM]:  kool

Il ovean al 12 [9:05 PM]:  you

NYJOJO2G [9:06 PM]:  manhattan

NYJOJO2G [9:06 PM]:  bi

Il ovean al 12 [9:06 PM]:  great

NYJOJO2G [9:06 PM]:  u had sex with a guy

Il ovean al 12 [9:06 PM]:  not yet

NYJOJO2G [9:07 PM]:  u looking for younger or older

Il ovean al 12 [9:07 PM]:  older

NYJOJO2G [9:07 PM]:  kool

Il ovean al 12 [9:07 PM]:  are you older

NYJOJO2G [9:07 PM]:  y

Il ovean al 12 [9:07 PM]:  age

NYJOJO2G [9:08 PM]:  27

Il ovean al 12 [9:08 PM]:  location

NYJOJO2G [9:08 PM]:  manhatten

NYJOJO2G [9:09 PM]:  east side

Il ovean al 12 [9:09 PM]:  you have sex with guys

NYJOJO2G [9:10 PM]:  young men

Il ovean al 12 [9:10 PM]:  how young

Il ovean al 12 [9:10 PM]:  15?

NYJOJO2G [9:11 PM]:  they want

Il ovean al 12 [9:11 PM]:  what

NYJOJO2G [9:11 PM]:  if they want

Il ovean al 12 [9:12 PM]:  brb

   [eleven-minute break]

Il ovean al 12 [9:23 PM]:  hey

NYJOJO2G [9:23 PM]:  yes

NYJOJO2G [9:23 PM]:  u free tonight

Il ovean al 12 [9:24 PM]:  gotta go talk soon?

NYJOJO2G [9:24 PM]:  ok

Il ovean al 12 [9:24 PM]:  got a number

NYJOJO2G [9:24 PM]:  e-mail me u want to get together

Il ovean al 12 [9:26 PM]:  ok

see ya

NYJOJO2G [9:26 PM]:  bye

The chat room conversation with "Il ovean al 12" was the basis of Specification 3 under Charge III:  "knowingly attempt[ing]" to persuade and entice an individual whom Appellant believed to be a fifteen-year-old boy to engage in sexual activity in an online chat in violation of § 2422(b). When the military judge detailed the elements of the offense in his instruction to the members, he did not explain or define what constitutes a "substantial step."  The members found Appellant guilty of, inter alia, Specification 3 of Charge III.

8

### III.  DISCUSSION

#### A.

We review issues of legal sufficiency de novo.  United States v. Green, 68 M.J. 266, 268 (C.A.A.F. 2010).  Evidence is legally sufficient if, viewed in the light most favorable to the Government, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In applying this test, we must "draw every reasonable inference from the evidence of record in favor of the prosecution."  United States v. Bright, 66 M.J. 359, 365 (C.A.A.F. 2008).

The underage enticement statute criminalizes "attempts" to knowingly persuade, induce, entice, or coerce any minor "to engage in . . . any sexual activity" using a means of interstate commerce.  18 U.S.C. § 2422(b).  To be guilty of an attempt under § 2422(b), the Government must prove, inter alia, that the defendant (1) had the intent to entice, and (2) took a substantial step toward enticement.[4]  See, e.g., United States v. Young, 613 F.3d 735, 742 (8th Cir. 2010); United States v.

---

[4] While in this case, the military judge incorrectly instructed the members that the substantial step must be toward actually engaging in sexual activity rather than a substantial step towards enticement alone, that does not affect the analysis of the question whether there was a substantial step at all under the facts of this case.

Barlow, 568 F.3d 215, 219 (5th Cir. 2009); United States v. Brand, 467 F.3d 179, 202 (2d Cir. 2006).

As the Government concedes, the issue is whether, under the facts of this case, the chat line "u free tonight" constitutes a substantial step.  There is an "elusive" line separating mere preparation from a substantial step.  United States v. Schoof, 37 M.J. 96, 103 (C.M.A. 1993); see also United States v. Resendiz-Ponce, 549 U.S. 102, 107 (2007) (requiring a substantial step for criminal attempt because "the mere intent to violate a federal criminal statute is not punishable as an attempt unless it is also accompanied by significant conduct"); United States v. Redlinski, 58 M.J. 117, 119 (C.A.A.F. 2003) ("The distinction between preparation and attempt has proven difficult for courts and scholars alike."); Wayne R. LaFave, Criminal Law § 11.4(a) (5th ed. 2010) ("Precisely what kind of act is required is not made very clear by the language traditionally used by courts and legislatures.").[5]

---

[5] This difficulty highlights the additional problem introduced in this case.  The military judge must provide instructions that "'sufficiently cover the issues in the case and focus on the facts presented by the evidence.'"  United States v. Maxwell, 45 M.J. 406, 424 (C.A.A.F. 1996) (quoting United States v. Snow, 82 F.3d 935, 938-39 (10th Cir. 1996)).  Here, the members were not instructed as to what constitutes a substantial step, or how that differs from mere preparation.  The better practice would be for the military judge to craft an instruction that provides definitional guidance to the members.

Federal courts of appeals have defined a "substantial step" as "more than mere preparation, but less than the last act necessary before actual commission of the crime." See, e.g., United States v. Chambers, 642 F.3d 588, 592 (7th Cir. 2011). We have adopted a similar approach. See, e.g., United States v. Byrd, 24 M.J. 286, 290 (C.M.A. 1987) ("'[A] substantial step must be conduct strongly corroborative of the firmness of the defendant's criminal intent.'" (quoting United States v. Jackson, 560 F.2d 112, 116 (2d Cir. 1977), cert. denied, 434 U.S. 941 (1977))). To be found guilty of attempt under Article 80(a), UCMJ, 10 U.S.C. § 880(a) (2006), for example, the act must amount to "more than mere preparation." Accordingly, the substantial step must "'unequivocally demonstrat[e] that the crime will take place unless interrupted by independent circumstances.'" United States v. Goetzke, 494 F.3d 1231, 1237 (9th Cir. 2007) (quoting United States v. Nelson, 66 F.3d 1036, 1042 (9th Cir. 1995)).

In the context of § 2422(b), different types of evidence can establish a substantial step depending on the facts of a particular case. For example, courts agree that travel constitutes a substantial step in § 2422(b) cases. See, e.g., United States v. Gagliardi, 506 F.3d 140, 150 (2d Cir. 2007); United States v. Tykarsky, 446 F.3d 458, 469 (3d Cir. 2006); United States v. Munro, 394 F.3d 865, 870 (10th Cir. 2005).

11

But, "[t]ravel is not a sine qua non of finding a substantial step in a section 2422(b) case." United States v. Gladish, 536 F.3d 646, 649 (7th Cir. 2008); see also United States v. Yost, 479 F.3d 815, 820 (11th Cir. 2007).

In non-travel cases involving the Internet, courts analyze the factual sufficiency of the requisite substantial step using a case-by-case approach. As relevant to the facts of this case, the United States Court of Appeals for the Seventh Circuit has cautioned against "[t]reating speech (even obscene speech) as the 'substantial step'" because it "would abolish any requirement of a substantial step." Gladish, 536 F.3d at 650. We agree that the online dialogue must be analyzed to distinguish "'hot air' and nebulous comments" from more "concrete conversation" that might include "making arrangements for meeting the (supposed) [minor], agreeing on a time and place for a meeting, making a hotel reservation, purchasing a gift, or traveling to a rendezvous point." United States v. Zawada, 552 F.3d 531, 534-35 (7th Cir. 2008) (citing Gladish, 536 F.3d at 649); see also United States v. Nestor, 574 F.3d 159, 161 (3d Cir. 2009) (posting an advertisement online seeking sexual contact with children, repeatedly discussing such activity with an adult intermediary, arranging a rendezvous for the sexual encounter, and discussing ways to avoid police detection "constitute[d] a substantial step"); United States v. Thomas,

12

410 F.3d 1235, 1246 (10th Cir. 2005) ("Thomas crossed the line from 'harmless banter' to inducement the moment he began making arrangements to meet [the victim].").

Where an accused has not traveled to a rendezvous point and not engaged in such "concrete conversation," courts have nonetheless found that defendants have taken a substantial step toward enticement of a minor where there is a course of more nebulous conduct, characterized as "grooming" the victim.[6] See, e.g., Goetzke, 494 F.3d at 1236 (finding a substantial step when the defendant mailed letters that "flattered" a minor, "described the sex acts," and "encouraged" the victim to visit him again); United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000) (affirming a § 2422(b) conviction where the defendant repeatedly "contacted" a minor, "urged her to meet him, and used graphic language to describe how he wanted to perform oral sex on her").

The evidence in this case is not legally sufficient to constitute a substantial step when measured against any of the benchmarks described. There was no travel, no "concrete conversation," such as a plan to meet, and no course of conduct

---

[6] "Grooming" behavior refers to the "'sexualization of the relationship'" over time through repeated contact and attempts to gain affection in preparation for sexual activity. Brand, 467 F.3d at 203 (quoting Sana Loue, Legal and Epidemiological Aspects of Child Maltreatment, 19 J. Legal Med. 471, 479 (1998)).

equating to grooming behavior. Viewing the question "u free tonight" in the light most favorable to the Government, it is "simply too preliminary" to constitute a substantial step. Winckelmann, 2010 CCA LEXIS 390, at *64, 2010 WL 4892816, at *20 (Ham, J., concurring in part, dissenting in part and in the result).

Appellant engaged in a single chat with "Il ovean al 12" containing forty-one lines of text. Even though the chat was sexually explicit, Appellant did not discuss when and where they would meet, how they would find each other, what they would do when they met, or make any other specific arrangements to facilitate the rendezvous. In fact, when "Il ovean al 12" typed "gotta go," Appellant did not attempt to persuade him to remain in the chat room or to make plans to meet that night or any other time. Appellant simply typed, "ok." Rather than pursuing "Il ovean al 12," Appellant ended the chat with a request that "Il ovean al 12" should "e-mail me u want to get together," which occurred only after "Il ovean al 12" asked for his phone number.

Consequently, there was no evidence when the chat ended that either enticement or sexual activity with a minor would take place unless interrupted by independent circumstances. Rather, the enticement or sexual activity could only occur if the victim contacted Appellant. Therefore, Appellant's actions

14

did not exceed the threshold level of evidence required for a substantial step under the fact-specific analysis used by the federal courts of appeals in § 2422(b) cases, and the evidence is not legally sufficient for the finding of guilt.

B.

The ACCA also erred in affirming the forfeiture of pay. "If a servicemember on appeal alleges error in the application of a sentence that involves forfeitures, the servicemember must demonstrate that the alleged error was prejudicial." United States v. Lonnette, 62 M.J. 296, 297 (C.A.A.F. 2006) (citing Article 59(a), 10 U.S.C. § 859(a) (2000)). "To establish prejudice, an appellant bears the burden of demonstrating that he or she was entitled to pay and allowances at the time of the alleged error." Id.

Under Article 66(c), UCMJ, the ACCA "may act only with respect to the findings and sentence as approved by the convening authority." In this case, the ACCA "affirm[ed]" the forfeiture of pay, even though the final convening order approved "[o]nly so much of the sentence as provides for confinement for 31 years and a dismissal." Under the facts of this case, the ACCA committed error in affirming a forfeiture that the final convening order did not approve.

Although the ACCA erred, the error was not prejudicial. Under Article 58b, UCMJ, Appellant had already forfeited any

claim to the pay and allowances due to him during his confinement. Because the convening authority did not waive the automatic forfeiture under Article 58b, UCMJ, Appellant was not entitled to pay and allowances. See United States v. Emminizer, 56 M.J. 441, 443-45 (C.A.A.F. 2002). Therefore, the ACCA's error in affirming forfeiture did not prejudice Appellant.

## IV. DECISION

The decision of the United States Army Court of Criminal Appeals is reversed as to Specification 3 of Charge III. The finding of guilty to that specification is set aside and that specification is dismissed.

The decision of the lower court regarding Specification 2 of Charge III and Charge VII and its specifications is affirmed.

In addition, the decision and sentence of the lower court is vacated as to Charges IV, V, and VI. The case is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals for further consideration of those charges in light of United States v. Fosler, 70 M.J. 225 (C.A.A.F. 2011), and for reassessment of the sentence, or if it determines appropriate, for the ordering of a rehearing on sentence.