# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Lieutenant Colonel DOUGLAS K. WINCKELMANN**
**United States Army, Appellant**

ARMY 20070243

Headquarters, CECOM Life Cycle Management Command
David L. Conn, Military Judge
Lieutenant Colonel Gregory S. Mathers, Staff Judge Advocate

For Appellant: Ms. Mary T. Hall, Esquire (argued); Captain Candace N. White Halverson, JA; Ms. Mary T. Hall, Esquire (on brief); Captain A. Jason Nef, JA; Ms. Mary T. Hall, Esquire (on brief in response to specified issue).

For Appellee: Captain Jonathan P. Robell, JA (argued); Lieutenant Colonel Francis C. Kiley, JA; Major Christopher B. Burgess, JA; Captain Jonathan P. Robell, JA (on brief); Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha Foss, JA; Major Christopher B. Burgess, JA; Captain Jonathan P. Robell, JA (on brief in response to specified issue).

30 August 2012

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

YOB, Judge:

Pursuant to his pleas, appellant was found guilty of two specifications of conduct unbecoming an officer and a gentleman, and two specifications of indecent acts with another, in violation of Articles 133 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 933, 934 (2006) [hereinafter UCMJ], respectively. A panel of officer members convicted appellant, contrary to his pleas, of two specifications of conduct unbecoming an officer and a gentleman, one specification of possession of child pornography, three specifications of attempted enticement of a minor in violation of 18 U.S.C. § 2422(b), two specifications of communicating indecent language, and two specifications of obstruction of justice, in violation of Articles 133 and 134, UCMJ. The members sentenced appellant to a dismissal, confinement for thirty-one years, and forfeiture of all pay and allowances. The convening authority ultimately approved "only so much of the sentence as provides for 31 years confinement and a dismissal."

In our initial Article 66, UCMJ, review of appellant's case, we set aside two of the findings: (1) Specification 2 of Charge III, involving the attempted enticement of a minor by sending a nude picture of a male, for failure to state an offense; and, (2) the finding of guilty for possession of child pornography. *United States v. Winckelmann*, No. ARMY 20070243, 2010 WL 4892816 (Army Ct. Crim. App. 30 Nov. 2010) (mem. op.). We affirmed the remaining charges and specifications, reassessed the sentence, and reduced appellant's confinement to twenty years' confinement and otherwise affirmed the approved sentence.[1]

On 12 December 2011, The United States Court of Appeals for the Armed Forces (CAAF) affirmed our decision regarding Specification 2 of Charge III and Charge VII and its specifications, but reversed our decision as to Specification 3 of Charge III, and set aside the finding of guilty and dismissed that specification. *United States v. Winckelmann*, 70 M.J. 403 (C.A.A.F. 2011). In addition, CAAF vacated our decision as to Charges IV, V, and VI, and the sentence, and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration of those charges in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), and for reassessment of the sentence or, if appropriate, for ordering a rehearing on sentence.

## LAW AND DISCUSSION

In *Fosler*, our superior court cited *Schmuck v. United States*, 489 U.S. 705 (1989), as well as a line of cases drawing on the holding of *Schmuck*,[2] for the proposition that the historical practice of implying Article 134's terminal element in every enumerated offense was no longer permissible. *Fosler* held that notice pleading in the military requires charges and specifications to allege every element of an offense expressly or by necessary implication to ensure that an accused understands what he must defend against. *Fosler*, 70 M.J. at 229. *Fosler* applied this principle to charges brought under Article 134, UCMJ, and thus required the

---

[1] In our opinion, we stated that we affirmed only so much of the sentence as provided for "dismissal, twenty years confinement, and total forfeiture of pay and allowances." However, the convening authority did not approve a sentence including total forfeitures. Nevertheless, this court's erroneous affirmance of total forfeitures did not result in material prejudice to appellant. *United States v. Winckelmann*, 70 M.J. 403, 409 (C.A.A.F. 2011). *See* UCMJ art. 58b.

[2] The cases cited by the *Fosler* Court include: *United States v. McMurrin*, 70 M.J. 15 (C.A.A.F. 2011); *United States v. Girouard*, 70 M.J. 5 (C.A.A.F. 2011); *United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010); *United States v. Miller*, 67 M.J. 385 (C.A.A.F. 2009); *United States v. Medina*, 66 M.J. 21 (C.A.A.F. 2008).

terminal element of Article 134, UCMJ, offenses to be expressly alleged or necessarily implied.[3]

Charges IV, V, and VI alleged Article 134, UCMJ, offenses, none of which expressly alleged the terminal elements. Prior to its holding in *Fosler*, our superior court routinely approved the practice of not including the terminal element when charging offenses in violation of Article 134, UCMJ. *See Fosler*, 70 M.J. at 228 (collecting cases). In addition, non-binding, explanatory language present in the Manual for Courts-Martial at the time charges were referred clearly stated that "[a] specification alleging a violation of Article 134 need not expressly allege that the conduct was a 'disorder or neglect,' that it was 'of a nature to bring discredit upon the armed forces,' or that it constituted 'a crime or offense not capital.'" *Manual for Courts-Martial, United States*, pt. IV, ¶ 60.c.(6)(a) (2005 ed.). Thus, the form of the Article 134, UCMJ, specifications against appellant conformed to the law as understood by practitioners at the time. However, *Fosler* and subsequent opinions of our superior court clearly applied new standards that would not imply the terminal element for Article 134, UCMJ, offenses.

Pursuant to *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), *United States v. Ballan*, 71 M.J. 28 (C.A.A.F. 2012), and *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), it is now plainly erroneous to omit the terminal elements from an Article 134, UCMJ, specification. "[W]here defects in a specification are raised for the first time on appeal, dismissal of the affected charges or specifications will depend on whether there is plain error—which, in most cases will turn on the question of prejudice."[4] *Humphries*, 71 M.J. at 213–14 (citing *United States v. Cotton*, 535 U.S. 625, 631–32 (2002)). Therefore, appellant must demonstrate "the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice." *Humphries*, 71 M.J. at 215; UCMJ art. 59(a). To assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Id.* at 215–16 (citing *Cotton*, 535 U.S. at 633; *Johnson v. United States*, 520 U.S. 461, 470 (1997)). In this case, we will analyze each charge separately.

_____

[3] The terminal elements of all charges brought under Clauses 1 or 2 of Article 134, UCMJ, require proof that the conduct at issue was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

[4] In the instant case, appellant did not object to the form of the Article 134, UCMJ, specifications or their failure to allege the terminal elements.

First, appellant contested but was found guilty of two specifications under Charge IV, alleging he communicated indecent language to a person he believed to be a fourteen year-old boy, in violation of Article 134, UCMJ.   Neither of these specifications allege the terminal element of Article 134, UCMJ, and they are therefore plainly erroneous.  As to Charge IV and its specifications, we conclude this error materially prejudiced appellant's substantial right to notice for the following reasons: (1) appellant contested this charge, which did not afford him the notice inherent in the "unique requirements for accepting a guilty plea in a military context," *Humphries*, 71 M.J. at 215 (citing *United States v. Ballan*, 71 M.J. 28, 34–35 (C.A.A.F. 2012));  (2) the government's opening statement at trial does not address how appellant's conduct in communicating indecent language to a person he believed to be a minor satisfies the terminal elements; (3) no witness ever testified during the government's case in chief about how appellant's conduct relating to indecent language violated the terminal elements; (4)  likewise, the government never admitted any evidence during its case in chief pertaining to the terminal elements of the indecent language offenses; (5) the military judge's instructions on the terminal elements occurred after the close of evidence and did not alert appellant to the government's theory of guilt; and (6) no other pretrial matters provided appellant notice of the terminal elements of the indecent language specifications. Therefore, under the holding of *Humphries*, we find substantial prejudice and are compelled to disapprove the findings of guilt to Charge IV and its specifications.

The specifications of Charge V allege appellant committed indecent acts in violation of Article 134, UCMJ, but these specifications also fail to allege the terminal elements.  Again, the government's failure to allege the terminal elements constitutes plain error.  However, in accordance with our superior court's holding in *Ballan*, we find the process employed for the acceptance of the guilty plea afforded appellant notice of the terminal elements of the indecent acts specifications, and therefore, he suffered no prejudice. *See Ballan*, 71 M.J. at 34–35.  Accordingly, we affirm the findings of guilty for Charge V and its specifications.

Finally, appellant contested two specifications under Charge VI, alleging obstruction of justice, in violation of Article 134, UCMJ.  These specifications failed to allege the terminal elements.  Although the government's failure to plead the terminal elements in the specifications of Charge VI was plain error, we conclude this error did not result in material prejudice to appellant's substantial right to notice.  On 12 January 2007, over a month before appellant ultimately entered his plea to Charge VI, the government submitted a written response to the defense motion to dismiss Charge VI, in which the government listed all the elements of the Article 134, UCMJ, offense of obstruction of justice, to include the terminal elements.  On 13 February 2007, a week before appellant entered a plea to Charge VI, the military judge issued written findings, ruling on the defense motion to dismiss, and listed all the elements of the Article 134, UCMJ, offense of obstruction of justice, to include the terminal elements.  Under the totality of the circumstances, there can be no doubt appellant was aware of and on notice of the

terminal elements for his obstruction charge as he was provided this in writing by the government response to his motion to dismiss and in the military judge's ruling on this issue. Accordingly, the record demonstrates appellant was on notice of the terminal elements of obstruction of justice and did not suffer prejudice as a result of their omission from the specifications of Charge VI.

## CONCLUSION

In light of the modifications to the findings, we find it appropriate that this court again reassess the sentence. A sentence reassessment differs from our Article 66, UCMJ, responsibility to determine that the sentence is appropriate. In this instance, we must assure not only that the sentence is appropriate in relation to the affirmed findings of guilty, but we must also assure that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed. UCMJ Art. 66; *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006); *United States v. Peoples*, 29 M.J. 426, 428 (C.M.A. 1990); *United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A. 1986).

On consideration of the entire record, and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), and *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), the findings of guilty of Charge IV and its specifications are set aside and those specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Sales* and *Moffeit*, to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms only so much of the sentence as provides for a dismissal and eleven years' confinement. We conclude, pursuant to Article 66, UCMJ, that such a sentence is appropriate for the offenses for which we have affirmed findings of guilty, and we also conclude that such a sentence is at least that which would have been imposed by a court-martial for the remaining findings of guilty. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge KERN and Judge ALDYKIEWICZ concur.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court

5