# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 DEVON D. WILSON**
**United States Army, Appellant**

ARMY 20120565

Headquarters, I Corps (Rear) (Provisional) (convened)
Headquarters, I Corps (action)
Kwasi Hawks, Military Judge
Lieutenant Colonel John T. Rothwell, Acting Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Robert N. Michaels, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major John K. Choike, JA; Captain Jaclyn E. Shea, JA (on brief).

30 September 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of six specifications of failure to repair and four specifications of absence without leave in violation of Article 86, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 886 (2006). The convening authority approved the adjudged sentence of a bad-conduct discharge and 100 days confinement. Appellant was credited with fifty-two days against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ. Appellant assigns one error alleging dilatory post-trial processing and raises several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find that neither appellant's assigned error nor his *Grostefon* matters merit discussion or relief.

Although appellant makes no argument that the evidence is insufficient, in performing our duty under Article 66, UCMJ, we conduct a de novo review of factual and legal sufficiency. *United States v. Gilchrist*, 61 M.J. 785, 793 (Army Ct. Crim. App. 2005) (citing *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002)). The test for factual sufficiency is "whether, after weighing the evidence of record and making allowances for not having personally observed the witnesses, [this court is] convinced of appellant's guilt beyond a reasonable doubt." *Id.* (citing *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987)). The test for legal sufficiency is whether, considering the evidence "in the light most favorable to the [g]overnment, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Winckelmann*, 70 M.J. 403, 406 (C.A.A.F. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Recognizing the required distinction between the offenses of failure to repair (FTR) and absence from a unit (AWOL) under Article 86, and in light of the fact that FTR is not a lesser-included offense of AWOL as charged in this case, we hold the evidence is factually insufficient to support three of the four AWOL convictions in this case (Specifications 2, 4 and 5 of Charge III). *See Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 10.b(1), (3); *United States v. Reese*, 7 C.M.R. 292 (A.B.R. 1953); *United States v. Sturkey*, 50 C.M.R. 110 (A.C.M.R. 1975) (per curiam). While the evidence is legally sufficient for each, we hold that the government did not prove beyond any reasonable doubt that appellant was absent from his unit on the dates alleged; and, while, by appellant's own testimony, he failed to go to his appointed place of duty on each of the days alleged, we harbor reasonable doubts about whether he was actually "absent from his unit." There is no doubt that appellant missed formations on consecutive duty days; but, the government did not elicit, and appellant did not admit, sufficient facts upon which to exclude reasonable doubt from our minds on the question of appellant's absence from his unit as alleged in specifications 2, 4 and 5 of Charge III. *Cf. United States v. Estes*, 62 M.J. 544 (Army Ct. Crim. App. 2005).[*]

Regarding appellant's six failure to repair convictions, the specifications alleged appellant "without authority, fail[ed] to go at the time prescribed to his appointed place of duty, to wit: 0630 hours accountability formation, located at Building P12327, Joint Base Lewis-McChord, Washington." The government at trial failed to elicit any evidence to support the fact that the accountability formation was located at Building P12327. We therefore find the evidence legally insufficient only as to the location of the accountability formation, "Building P12327," for each of the six failure to repair convictions.

---

[*] The evidence is legally and factually sufficient to affirm appellant's conviction of AWOL as alleged in Specification 3 of Charge III.

**CONCLUSION**

Specifications 2, 4, and 5 of Charge III are set aside and dismissed. We affirm all but the alleged location, "Building P12327," of Specifications 7, 8, 15, 16, 17, and 18 of Charge III. *See Sturkey*, 50 C.M.R. at 111 ("The appointed place of duty involved in Article 86(1), UCMJ, refers to a specifically appointed place of duty such as . . . reveille formation . . . rather than a broader general place of duty such as a command, a post or a unit."). The remaining findings of guilty are affirmed.

Reassessing the sentence on the basis of the errors noted, the remaining findings of guilty, and the aggravation evidence, which included records of non-judicial punishment and the vacation of suspended punishments imposed under Article 15 for similar offenses, we are confident the military judge would have sentenced appellant to at least the adjudged sentence of a bad-conduct discharge and 100 days confinement. *See United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2014); *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986); *MCM*, pt. IV, ¶ 10.e(1), (2)(a)-(b); Rule for Courts-Martial 1003(d)(3). The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court