# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant CHRISTOPHER S. GILBERT**
**United States Army, Appellant**

ARMY 20190766

Headquarters, Eighth Army
Robert L. Shuck, Military Judge
Colonel Dean L. Whitford, Staff Judge Advocate

For Appellant:  Major Benjamin A. Accinelli, JA; Captain Jason X. Hamilton, JA.

For Appellee:  Pursuant to A.C.C.A. Rule 17.4, no response filed.

31 July 2020

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WALKER, Judge:

While appellant's attempts to persuade a teenage victim to send him nude "selfies" may have constituted the offense of solicitation, they did not amount to the offense of attempt to possess child pornography.[1]  For reasons discussed below, we find a substantial basis in law and fact to question the providence of appellant's plea

---

[1] A military judge sitting as a general court-martial convicted appellant, in accordance with his pleas, of one specification each of attempt to possess child pornography, sexual abuse of a child, and possession of child pornography, in violation of Articles 80, 120b, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920b, 934 [UCMJ].  The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  This case is now before this court pursuant to Article 66, UCMJ.

to The Specification of Charge I. Accordingly, we set aside appellant's conviction of attempted possession of child pornography and reassess his sentence.

## BACKGROUND

### A. Appellant Requests Nude "Selfies" from MN

Appellant met Miss MN online playing the video game "Fortnite" on 28 May 2018. Using the voice chat feature in the game, MN told appellant she was thirteen years old and appellant told her he was twenty-two. The two traded Instagram account names and began exchanging private messages through the Instagram text messaging feature. MN would borrow her step-mother's cell phone in order to exchange messages with appellant.

In the messages, appellant engaged in inappropriate sexual conversations with MN and repeatedly asked her to send him a "selfie," including a nude "selfie" (pictures taken of oneself) through Instagram. When MN denied appellant's requests for photos, appellant sent her a digital video and photos of his penis in an attempt to persuade her to reciprocate. MN eventually said she would send appellant a picture over the weekend when her parents were gone and she was home alone, but suggested that it may not be a nude photo but rather, a photo of her breasts. When MN inquired as to why appellant would be mad if she did not send him an unclothed photo of herself, appellant replied, ". . . I mean it's only fair you like seeing me naked so I should be able to see some of you."

On 1 June 2018, MN's step-mother intercepted messages that were sexual in nature from appellant to MN. MN's father reported the messages to local law enforcement, who conducted an investigation including a download of the Instagram messages between appellant and MN.[2]

### B. The Military Judge Is Not Convinced Appellant's Requests Constitute Attempts to Possess Child Pornography

During appellant's guilty plea providency inquiry, the military judge expressed concern over whether appellant's description of his actions toward MN met the definition of attempt to possess child pornography, as charged by the government. Appellant explained, "My request to see her naked was a substantial step and a direct movement toward what I hoped would result in [MN] actually

---

[2] The police department also seized appellant's phone and upon searching it, discovered the material which was the basis for the possession of child pornography specification of which appellant was convicted.

sending me, not only a nude image of herself, but an image where she was actually touching her breast or vagina."

The military judge asked appellant whether he actually asked MN to send him a picture of her touching her breasts or vagina. Appellant replied that he had not, but likely would have, had MN's parents not intervened when they did.

The military judge then defined the categories of "sexually explicit conduct" to appellant. He specifically asked appellant whether he had requested MN send him photos of herself engaged in any of the categories of sexually explicit conduct: (a) sexual intercourse or sodomy; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. Appellant provided that he had not specifically asked MN to send him pictures of herself engaged in any of the categories of sexually explicit conduct. Appellant explained he was initially only asking MN to send a picture of herself so he could see what she looked like, though he was "intending" for their message exchange to escalate to MN sending him an image of herself masturbating.

The military judge explained to appellant "not every picture of a nude underage person constitutes child pornography." Before taking an extended break to allow the parties to confer, the military judge concluded, "I'm not convinced based on reading the stipulation of fact that the accused was intending to possess sexually explicit photographs of [MN]. And that he was in fact only wish—desiring to possess nude selfies, and I don't think that meets the definition of child pornography without anything else."

In an attempt to provide further context, the government entered into evidence the complete exchange of Instagram messages between appellant and MN. Appellant then explained each of the messages to the military judge and his intent behind them. Appellant admitted that his intent was to first get MN to send a selfie and then something more explicit to which he could masturbate. Finally, the military judge asked appellant, "What would've been sufficient for you to meet that requirement?" Appellant replied, "Your honor, it would be a nude image of her depicting her breasts without clothes on or her either exposing her vagina or her with her panties on, touching her vagina." The military judge asked appellant why the image he ultimately desired to receive would have been lascivious, based on the factors provided in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986).

Appellant explained that an image such as that which he desired from MN would have been lascivious "because it would be designed to get [him] sexually excited," and would have suggested "sexual willingness to engage in sexual activity."

3

Before finally accepting appellant's plea, the military judge asked appellant what prevented him from actually committing the offense of possession of child pornography with regard to MN. Appellant replied that MN never sent him any images of herself and then her parents intervened.

## LAW AND DISCUSSION

Asking a minor child to share naked pictures of herself and hoping the images will contain sexually explicit conduct does not satisfy the elements of the offense of attempted possession of child pornography. We conclude the military judge abused his discretion by accepting appellant's guilty plea to the offense of attempted possession of child pornography.

### A. *Standard of Review*

The military judge at a guilty plea is "charged with determining whether there is an adequate basis in law and fact to support the plea before accepting it." *United States v. Inabinette*, 66 M.J. 320, 321-322 (C.A.A.F. 2008) (citations omitted). We review a judge's decision to accept a guilty plea for abuse of discretion. *United States v. Weekes*, 71 M.J. 44, 46 (C.A.A.F. 2012) (citing *Inabinette*, 66 M.J. at 321. A military judge abuses his discretion if he accepts a guilty plea "without an adequate factual basis to support it" or if he accepts a guilty plea based upon "an erroneous view of the law." *Id.* (citation omitted).

In reviewing a military judge's decision to accept a guilty plea, "appellate courts apply a substantial basis test: Does the record as a whole show a substantial basis in law and fact for questioning the guilty plea?" *Inabinette,* 66 M.J. at 322 (internal quotations and citations omitted). "If an accused's admissions in the plea inquiry do not establish each of the elements of the charged offense, the guilty plea must be set aside." *Weekes*, 71 M.J. at 46 (citing *United States v. Gosselin,* 62 M.J. 349, 352-53) (C.A.A.F. 2006)).

### B. *The Definition of Child Pornography*

As the military judge aptly explained to appellant, "not every picture of a nude underage person constitutes child pornography." "'Child pornography' means material that contains either an obscene visual depiction of a minor engaging in sexually explicit conduct or a visual depiction of a minor engaging in sexually explicit conduct." *Manual for Courts-Martial, United States* (2016 ed.) [*MCM*], pt. IV, ¶ 68b.c.(1). "Sexually explicit conduct means actual or simulated: (a) sexual intercourse or sodomy . . .; (b) bestiality; (c) masturbation; (d) sadomasochistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person." *MCM*, pt. IV, ¶ 68b.c.(7).

GILBERT—ARMY 20190766

In *United States v, Roderick*, our superior court adopted the six "*Dost* factors" developed by the Southern District of California for determining when an image constitutes a "lascivious exhibition" of the genitals or pubic area. 62 M.J. 425, 430 (C.A.A.F. 2006)(citing *United States v. Dost*, 636 F. Supp. at 828, 832 (S.D. Cal. 1986(C.A.A.F. 2006). The non-exclusive list of the "*Dost* factors" are:

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
> (2) whether the setting of the visual depiction is sexually suggestive, i.e. in a place or pose generally associated with sexual activity;
>
> (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
> (4) whether the child is fully or partially clothed, or nude;
>
> (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
>
> (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Id.* at 429. If an image of a child does not depict the genitals or pubic area, that ends the "lascivious exhibition" analysis as such a depiction is a prerequisite to the application of the *Dost* factors. *Id.* at 430.

Since the military court system adopted the *Dost* factors, courts have analyzed material on a case-by-case basis to determine whether it meets the definition of lascivious exhibition of the genitals or pubic area. Such an analysis is a highly fact-specific determination with legal consequences. *See United States v. Piolunek*, 74 M.J. 107, 108 ("Whether any given image does or does not display the genitals or pubic region is a question of fact, albeit one with legal consequences.") We are not prohibited from considering evidence outside the four corners of the image(s) in question when making a determination as to whether an image constitutes child pornography. *United States v. Updegrove*, ARMY 20160166, 2017 CCA LEXIS 36, at *7 (23 Jan. 2017) (mem. op.) (discussing *Roderick*, 62 M.J. 425). The "objective facts surrounding the image's creation may be considered." *Id.*

However, in appellant's case, we have no images to analyze, and instead only the objective facts surrounding appellant's requests for a hypothetical image that was never produced, let alone possessed. There is no application of the *Dost* factors or analysis to perform. While we may consider objective facts surrounding an

5

image's creation, we cannot wholly substitute such facts for an analysis of the material in question. It seems the military judge was satisfied that appellant's request for any selfie, with the goal of *eventually* convincing MN to send him an image of herself containing a lascivious exhibition of her genitals or engaging in masturbation was sufficient. We disagree and find the military judge abused his discretion in accepting appellant's plea on that basis. By appellant's own admission, MN hinted she *might* send him a photo of her breasts, which would not meet the prerequisite of genital or pubic area depiction to even begin an analysis of whether the photo would constitute child pornography. As we cannot be sure what type of image MN might have sent appellant had her parents not intervened (or if she would have sent him anything), we turn our analysis toward appellant's actions in attempting to procure photos from MN.

### C. Attempt Offenses and the Substantial Step

"[A]n act, done with specific intent to commit an offense under this chapter, amounting to more than mere preparation and tending, even though failing, to effect its commission, is an attempt to commit that offense." UCMJ art, 80. The statute specifically requires that an offense of attempt must include the specific intent to commit the offense coupled with "an overt act that directly tends to accomplish the unlawful purpose." *MCM*, pt. IV, ¶ 4c.(1). The overt act must go beyond mere preparation, which may consist of "devising or arranging the means or measures necessary for the commission of the offense." *MCM*, pt. IV, ¶ 4c.(2).

In *United States v. Winckelmann*, our Superior Court drew the "elusive line separating mere preparation from a substantial step." 70 M.J. 403, 407 (C.A.A.F. 2011) (internal quotation marks and citations omitted). The court relied on federal cases that defined a "substantial step" as "more than mere preparation but less than the last act necessary before actual commission of the crime." *United States v. Hale*, 78 M.J. 268, 272 (C.A.A.F. 2019) (citing *Winckelmann*, 70 M.J. 403). Quoting the 9th Circuit, the *Winckelmann* court stated the substantial step must "unequivocally demonstrate[e] that the crime will take place unless interrupted by independent circumstances." 70 M.J. 407. (quoting *United States v. Goetzke*, 494 F.3d. 1231, 1237 (9th Cir. 2007)(citations omitted)).

In the context of attempted child enticement cases where an accused has not traveled to meet the target child victim and the interactions occurred over the internet, "courts analyze the factual sufficiency of the requisite substantial step using a case-by-case approach." *Winckelmann*, 70 M.J. at 407. Where an accused has not actually met the child victim or engaged in "concrete conversations" making plans to do so, courts have still found "defendants have taken a substantial step toward enticement of a minor where there is a course of more nebulous conduct, characterized as 'grooming' the victim." *Id.* at 408. We likewise consider appellant's overall grooming actions toward MN in analyzing whether his strictly

online message exchanges with her amounted to an attempt to possess child pornography.

### D.  Hoping is Not a Substantial Step

Appellant's hope and desire that MN would eventually send him a photo of herself that constituted child pornography, despite not having requested such a photograph, was nothing more than mere preparation.  As our Superior Court recognized, "preparation consists of devising or arranging the means or measures necessary for the omission of the offense; the attempt is the direct movement toward the commission after preparations are made."  *United States v. Schoof*, 37 M.J. 96, 103 (C.M.A. 1993)(internal quotation omitted)).   In the context of a guilty plea, our Superior Court further commented:

> Quite simply, where an accused pleads guilty and during
> the providence inquiry admits that he went beyond mere
> preparation and points to a particular action that satisfies
> himself on this point, it is neither legally nor logically
> well-founded to say that actions that may be ambiguous on
> this point fall short of the line 'as a matter of law' so as to
> be substantially inconsistent with the guilty plea.

*Schoof*, 37 M.J. at 103.  We acknowledge that we are bound to accept an appellant's guilty plea explanation of his substantial step toward the commission of his target offense.  However, in this case, appellant's actions toward MN simply did not amount to more than mere preparation and hoping.

Though appellant explained his desire to escalate the message exchanges with MN, he never actually asked MN to send him an image of herself engaged in sexually explicit conduct.  Appellant's honest admission at his providence inquiry that he had *hoped* MN would *eventually* send him a picture of herself masturbating or touching her breasts or vagina does not constitute a substantial step toward possession of child pornography.

"When a charge against a servicemember may implicate both criminal and constitutionally protected conduct, the distinction between what is permitted and what is prohibited constitutes a matter of 'critical significance.'"  *United States v, Hartman*, 69 M.J. 467, 468 (C.A.A.F. 2011) (quoting *United States v. O'Connor*, 58 M.J. 450, 453 (C.A.A.F. 2003)).  The military judge's initial instinct was correct: appellant asking thirteen-year-old MN for nude "selfies" did not constitute an attempt to possess child pornography.  When the military judge tried to discuss with appellant his understanding of the critical distinction between permissible and prohibited behavior, appellant's responses evidenced a belief that his conduct was prohibited because he intended to eventually persuade MN to send him photos that

would sexually excite him and satisfy his masturbatory preferences. The military judge accepted this context as a substitute for appellant taking a substantial step toward possession of material that would actually meet the definition of child pornography.

But appellant's hope that MN would eventually send him a photo of herself engaged in sexually explicit conduct (such as masturbation) did not change the nature of his actions toward MN. Appellant had inappropriate sexual conversations with MN, sexually abused her by sharing images and videos of his penis with her, and asked her to send him nude pictures of herself. He admitted that it was all preparatory work toward his ultimate goal of procuring photos that might have met the legal definition of child pornography. But he never actually asked or instructed MN to send him material that would constitute child pornography. Desiring images of MN to aid in his masturbation did not transform his preparation into a substantial step toward commission of the target offense of possession of child pornography.

In *United States v. Moon*, our Superior Court reversed a conviction of "knowingly possess[ing] multiple images of nude minors and persons appearing to be nude minors, which possession was to the prejudice of good order and discipline in the armed forces and was of a nature likely to bring discredit upon the armed forces," charged in violation of Article 134, UCMJ, but not as a possession of child pornography offense. 73 M.J. 382 (C.A.A.F. 2014). The military judge in *Moon* attempted to have the accused explain why the images he possessed were prohibited, rather than constitutionally protected such as nude images of children in works of art. *Id.* at 388-89. The appellant admitted he possessed the nude images of minors to satisfy his own sexual gratification and that was the reason the nude images of children, not amounting to actual child pornography, were not protected under the First Amendment and their possession was criminal. *Id.* at 389. Reversing the conviction, the court clarified that the military judge's statement of the law was incorrect: "possession of images for one's sexual gratification does not itself remove such images from First Amendment protection. If it did, 'a sexual deviant's quirks could turn a Sears catalog into pornography.'" *Id.* (quoting *United States v. Amirault*, 173 F.3d 28, 34 (1st Cir. 1999)).

As our Superior Court did in *Moon*, we similarly conclude that notwithstanding appellant's anticipated sexual arousal to the nude "selfies" he wanted MN to send to him, the military judge misapplied the law and failed to clearly distinguish prohibited from protected conduct. The closest appellant came to possessing child pornography of MN was hoping for it. We do not find his general request for nude "selfies" of MN to be a substantial step toward the offense of possession of child pornography, as images of nude minors are not per se child pornography. We therefore set aside appellant's conviction of attempt to possess child pornography.

*E. Sentence Reassessment*

Having set aside appellant's conviction of the Specification of Charge I we now reassess appellant's sentence in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). Setting aside appellant's conviction of attempt to possess child pornography reduces his maximum confinement exposure from thirty-five years to twenty-five years. *MCM*, pt. IV, ¶¶ 4.e, 45.b.e.(3)(b), 68.b.e.(1). All other remaining elements of the maximum punishment, such as reduction, forfeitures, discharge, and potential fine, remain unchanged. Appellant's adjudged sentence only included nine months of confinement and it was imposed by a military judge alone. *See United States v. Adams*, 74 M.J. 589, 593 (Army Ct. Crim. App. 2015).

The most important consideration for us is that the gravamen of appellant's criminal conduct remains unchanged without his conviction for attempt to possess child pornography. Appellant preyed on a thirteen-year-old girl online, sexually abused her by sending her digital pictures and videos of his penis, engaged in inappropriate sexual conversations with her, and attempted to guilt her into sending nude images of herself. Though his requests for nude "selfies" did not constitute the offense of attempt to possess child pornography, they are inseparable from his sexual abuse of MN. Appellant's requests for a thirteen-year-old to send him nude photos are admissible aggravation evidence related to appellant's other convictions, and before the trier of fact notwithstanding our set aside of the attempted possession of child pornography conviction. We are confident that the remaining offenses of sexual abuse of a child and possession of child pornography would have yielded a sentence at trial at least equal to that adjudged in appellant's case. We therefore affirm appellant's sentence of a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

## CONCLUSION

The Specification of Charge I and Charge I are set aside and DISMISSED. The remaining findings of guilty are AFFIRMED. The sentence is AFFIRMED.

Senior Judge ALDYKIEWICZ and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court